**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| MARK E. MURPHY and | ) | | |
| PAMELA S. MURPHY, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| vs. | ) | Case No. | FILED: JUNE 6, 2008        LI |
| | ) | | 08CV3293 |
| VILLAGE OF PLAINFIELD, a municipal | ) | | JUDGE   LEFKOW |
| corporation, PLAINFIELD TOWNSHIP, | ) | | MAGISTRATE   JUDGE ASHMAN |
| PLAINFIELD PARK DISTRICT, GREG | ) | | |
| BOTT and JOAN MEYERS, individually, | ) | | |
| | ) | | |
| Defendants. | ) | | |

<u>**DEFENDANTS VILLAGE OF PLAINFIELD'S**</u>
<u>**AND JOAN MEYERS NOTICE OF REMOVAL OF CIVIL ACTION**</u>

To:    The United States District Court
for the Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants, VILLAGE OF PLAINFIELD ("the

Village"), and JOAN MEYERS, individually, by and through their counsel, McKeown,

Fitzgerald, Zollner, Buck, Hutchison & Ruttle, hereby remove the action titled <u>Mark E. Murphy</u>

<u>and Pamela S. Murphy v. Village of Plainfield, et al.</u>, filed and pending in the Circuit Court of

Will County, Illinois, Case No. 07 SC 8874, to the United States District Court for the Northern

District of Illinois, Eastern Division, on the following grounds:

1.      On or about February 12, 2008, the Plaintiffs served the Mayor and the Village

Clerk of the Village of Plainfield with the Small Claims Summons and Complaint in this action.

1

2.    On May 12, 2008, Plaintiffs asked for leave to file an Amended Complaint and file a jury demand and to have this matter transferred to the Law Division of the Circuit Court of Will County, Illinois.

3.    On May 12, 2008, Plaintiffs were granted leave to file their Amended Complaint and file a jury demand and the matter was transferred to the Law Division of the Circuit Court of Will County, Illinois.

4.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal of Action is timely filed within thirty (30) days after receipt of service by Plaintiffs.

5.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) which states, "any civil action brought in a State court of which of the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.    This Court has original subject matter jurisdiction of this Action pursuant to 28 U.S.C § 1331 based upon federal questions cited in Counts V, VII and VIII of Plaintiffs' Amended Complaint pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and *Monell v. N.Y. City Dept. of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018 (1978).

7.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims cited in Count I – IV and VI of Plaintiffs' Amended Complaint, based upon the fact that the claims listed therein are so related to the claims in this action which establish original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

8.     The Plaintiffs' federal claims and state claims in their Amended Complaint derive from a common nucleus of operative facts, as all of Plaintiffs' claims involve alleged flooding of Plaintiffs' property and the Defendants' alleged conduct in relation thereto.

9.     The existence of a common nucleus of operative facts is also established by the fact that the Plaintiffs simply adopt and reallege the factual allegations from their state claims to in their federal claims.  (Compare Count V with Count I, Count VII with Count VI, and Count VIII with Count VII, which thereby references Count VI).

10.     Pursuant to 28 U.S.C. § 1441(a), this Court is the proper district court for removal because the Will County Circuit Court is located within the Eastern Division of the Northern District of Illinois.

11.     True and correct copies of all pleadings, process, and orders served upon the Village of Plainfield and Joan Meyers are attached in composite Exhibit A.

12.     In accordance with 28 U.S.C. § 1446(d), the Village of Plainfield is simultaneously filing a copy of the Notice of Removal of Action with the Clerk of the Circuit Court of Will County, Illinois.  Also, the Village of Plainfield will serve Plaintiffs and Co-Defendants with copies of the Notice of Removal filed in this Action.

13.     By virtue of this Notice of Removal of Action filed in this action, the Village of Plainfield and Joan Meyers do not waive their rights to assert any personal jurisdiction defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

14.     Pursuant to the Federal Rules of Civil Procedure 81(c) and 6, the Village of Plainfield will file responses to the Amended Complaint with the time proscribed by said rules and any extensions granted.

3

WHEREFORE, Defendant VILLAGE OF PLAINFIELD and JOAN MEYERS respectfully request that the above captioned notice now pending in the Circuit Court of Will County, Illinois, be removed to the U.S. District Court for the Northern District of Illinois, Eastern Division, and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

s/ Andrew Muchoney
ANDREW MUCHONEY
and MARIE MRAVLE
McKeown, Fitzgerald, Zollner,
 Buck, Hutchison & Ruttle
2455 Glenwood Avenue
Joliet, Illinois 60435
Phone: (815) 729-4800
Fax:    (815) 729-4711
Email:  andrew@mckeownlawfirm.com
        marie@mckeownlawfirm.com

4

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

MARK E. MURPHY and     )  LI
PAMELA S. MURPHY,      )  08CV3293
               )  JUDGE LEFKOW
       **Plaintiffs,**  )  MAGISTRATE JUDGE ASHMAN
  vs.          )  **No.:  07 SC 8874**
               )
VILLAGE OF PLAINFIELD, a municipal )
corporation, PLAINFIELD TOWNSHIP,  )
PLAINFIELD PARK DISTRICT, GREG BOTT )
and  JOAN MEYERS, individually,   )
               )
       **Defendants.**  )

## NOTICE OF FILING

To:  Office of the Circuit, Will County Court House, 14 W. Jefferson Street,
    Joliet, IL 60432

    Ms. Debra Abbott, Village of Plainfield, 14300 S. Coil Plus Drive,
    Plainfield, IL  60544

    Marie Mraule, McKeown, Fitzgerald, Zollren, Buck, Hutchinson & Rattle,
    2455 Glenwood Avenue, Joliet, IL  60435

  PLEASE TAKE NOTICE that we have caused to be filed with the Circuit Clerk of
Will County,  this 14th day of May, 2008, the following documents, copies of which are
attached hereto:  Plaintiffs' Jury Demand.

          Law Offices of Timothy P. Dwyer

          BY: _____
            Attorney for Plaintiffs

Law Office of Timothy P. Dwyer
240 West River Drive
St. Charles, IL  60174
(630) 513-0066
Attorney No.: 06203199

               RECE'D
               MAY 15 2008

- 1 -

               BY:_____

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing Notice of Filing was served upon the above by enclosing same in an envelope addressed to the same at their business address as disclosed by the pleadings of record herein, with postage fully prepaid and by depositing said envelope in a U.S. Post Office Box in St. Charles, Illinois, on the 14 day of May, 2008 before the hour of 6:00 p.m.

*Dawn Jones*

Subscribed and sworn to before me
this 14 day of May, 2008.

*Melissa Carnell*

Notary Public

"OFFICIAL SEAL"
MELISSA L. CARNELL
Notary Public, State of Illinois
My Commission Expires 04/03/12

Law Office of Timothy P. Dwyer
240 West River Drive
St. Charles, IL  60174
(630) 513-0066
Attorney No.: 06203199

- 2 -

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Mark and Pamela Murphy

**VS**

Village of Plainfield, et al

CASE
NO: 07 SC 8874

(transfer to Law Div.)

### JURY DEMAND

The undersigned demands a jury trial.

(12 man)

Name Timothy P. Dwyer

ARDC# 06203199

Attorney for Plaintiff

Address 240 West River Drive

City St. Charles, IL 60174

Telephone 630-513-0066

STATE OF ILLINOIS )
                  )SS
COUNTY OF WILL    )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Mark & Pamela Murphy
_____
**Plaintiff**

vs

Village of Plainfield
_____
**Defendant**

CASE NO: 07 SC 9974

### COURT ORDER

This matter coming before the Court, all parties being duly notified, the Village of Plainfield present by Debra Abbott Village Prosecutor, and the Plaintiffs present by counsel, Tim Dwyer,

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion for Leave to File their amended Complaint is granted; summons to issue for additional defendants

2. Plaintiffs' Motion to transfer this matter to the Law Division is granted.

3. Defendant has 28 days until June 9, 2008 to file an answer to the Amended Complaint.

4. Plaintiffs' Motion for a Jury Demand is granted

5. Defendant's Motion to Dismiss the original Complaint is hereby withdrawn.

6. This matter is set for Status on June 25, 2008 before Judge Kinney in Room 311 at 9:00 in the Will County Courthouse Annex.

Attorney or Party, if not represented by Attorney

Name   Debra Abbott
ARDC #   6280763
Firm Name
Attorney for   Village of Plaintiff
Address   14300 S. Coil Plus Drive
City & Zip   Plainfield IL 60544
Telephone   (815) 267-7204

Dated:   May 12, 20 08

Entered: _____

Judge   Loiz

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

STATE OF ILLINOIS)
              )SS
COUNTY OF WILL )

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

Mark E. Murphy and Pamela S. Murphy

VS                  CASE NO: 07 SC 8874

Village of Plainfield, et al.

## SUMMONS

To each defendant: Joan Meyers, Village Attorney, Village of Plainfield, 14300 South Route 59, Plainfield, IL  60544

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court

_Will County Courthouse_____ Building, Room 213,

_14 West Jefferson  Plock, Illinois_____, Illinois within 30 days after service

(Address)          (City)                         of this summons, not

counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned to endorsed.

This summons may not be served later than 30 days after its date.

WITNESS,   5-12   , 2008

(Seal of Court)

**PAMELA J. McGUIRE**
Clerk of the Circuit Court

BY: _____
                              (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME: Timothy P. Dwyer
ARDC# 06203199
Attorney for: Plaintiff
Address: 240 West River Drive
City: St. Charles, IL 60174
Telephone: (630) 513-0066

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

FILED

MARK E. MURPHY and
PAMELA S. MURPHY,

                **Plaintiffs,**

vs.

VILLAGE OF PLAINFIELD, a municipal
corporation, PLAINFIELD TOWNSHIP,
PLAINFIELD PARK DISTRICT, GREG BOTT
and  JOAN MEYERS, individually,

                **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

03 MAY 12  AM 9: 31

CIRCUIT COURT
WILL COUNTY, ILLINOIS

No.:  07 SC 8874

## AMENDED COMPLAINT

NOW COME the Plaintiffs, Mark E. Murphy and Pamela S. Murphy, by and through their attorney, The Law Offices of Timothy P. Dwyer, and for their Amended Complaint against the Defendants. Village of Plainfield, Plainfield Township, Greg Bott, individually and Joan Meyers, individually, state as follows:

## I.  NEGLIGENT TRESPASS

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Negligent Trespass against the Village of Plainfield and Plainfield Township, allege as follows:

1.  Plaintiffs Mark and Pamela Murphy reside at 16141 Farmingdale Road ("subject property") in unincorporated Plainfield Township.

2.  The Murphy residence at 16141 Farmingdale Road is surrounded by the Village of Plainfield.

3.  Plaintiffs have lived at the subject property since 1989.

4.  Prior to 1989, the Plaintiffs' sister lived at the subject property at 16141 Farmingdale Road for ten (10) years.

5. In 1993, overland flooding of the subject property occurred due to the pumping of groundwater by the development known as Vintage Harvest.

6. From 1979, until the present, Defendants Village of Plainfield and Plainfield Township have approved development in and around the subject property, which has caused an abnormal surcharge of the groundwater in addition to overland flooding.

7. At all times relevant hereto, the Village of Plainfield and Plainfield Township had a duty to construct, own, operate, manage, maintain and operate its stormwater system so that said system would not unreasonably increase the quantity and force of water and/or sewage onto the premises owned by the Plaintiffs.

8. During the fifteen (15) years previous to 2004, the Village of Plainfield and Plainfield Township approved development when those entities knew or should have known that the result would negatively impact the Plaintiffs' property due to flooding.

9. Since the year 2004 and until the present, Plaintiffs have been subjected to underground and aboveground flooding.

10. The water table on the subject property owned by the Plaintiffs has risen significantly and remains between 18 and 34 inches. Prior to 2004, the water table level had no impact upon the foundation of Plaintiffs' home.

11. Since 2004, the increased water table is above Plaintiffs' foundation. As a result, the improvements on the subject property are under constant pressure and have been damaged.

12. The Village of Plainfield has approved developments such as Vintage Harvest and Spangler, even though the preliminary engineering for said developments raised problems relative to stormwater management.

13. Notwithstanding evidence to the contrary, the Village and the Township have allowed retention ponds which fail to drain due to high groundwater levels. As a result,

2

the Defendant Village adopted a custom and policy of pumping out retention ponds as a stormwater drainage method.

14. The Defendants Village of Plainfield  and Plainfield Township have also allowed neighboring subdivisions to release waters from detention ponds which has caused water onto, across and through the subject property owned by the Plaintiffs.

15. Both the Village and the Township have been aware of the flooding, increased water table and have attempted to remediate the flooding on the subject property.

16. These Defendants have retained engineers and allowed their agents and employees to investigate the water problem on Plaintiffs' property.

17. Without written permission, the Village and the Township placed stormwater infrastructure upon and under Plaintiffs' property.

18. The Village and the Township have excavated a portion of Plaintiff's land.

19. The Defendants left the property partially excavated, and failed to repair the same.  Plaintiffs have notified the Defendant Township but repairs have not been completed.

20. As a result, a portion of Plaintiffs' property remains a mudhole and is totally unusable.

21. Notwithstanding Defendants' statutory and common law duty to avoid flooding Plaintiffs' property, the policies instituted by the Defendants have in fact caused the Plaintiffs' property to flood, both below and above ground.

22. As a direct and proximate result of Defendants' actions, policies and knowing omissions, the Plaintiffs have incurred substantial damage in excess of fifty thousand ($50,000) dollars.

23. Plaintiffs have been forced to remove their pool and deck.

3

24. Plaintiffs septic system intermittently raises to the surface, contaminating Plaintiffs' property as well as downstream neighbors with fecal coliform and e-coli bacteria.

25. Plaintiffs are unable to use a significant portion of their property, and are unable to convey their property due to the water damage as described herein.

26. From 1993 to 2004, the subject property became more and more saturated as development occurred around the Murphy residence.

27. In 1993, a three (3) inch rain event would result in standing water on the Murphy property.  By 2004, a one (1) inch rain event would result in a small lake upon the Murphy property.

28. Subsequent to 2004, water has entered the home through cracks in the foundation caused by the increased groundwater levels.

29. Plaintiffs now contend with flooding at any significant rain event.  A one (1) inch rainfall causes water infiltration into the subject home and causes flooding upon the subject property.

30. As a result, Plaintiffs have missed a substantial amount of work in order to limit the damage to their residence.

31. On January 23, 2008, the Will County Board of Review reassessed Plaintiffs' property and decreased the value by seventy-five (75%) percent.

32. Plaintiffs have made a demand of settlement to the Defendants but the Defendant, Village of Plainfield, has refused to meet with the Plaintiffs.

WHEREFORE, the Plaintiffs, Mark and Pamela Murphy, pray for judgment against the Defendants, Village of Plainfield and Plainfield Township, in an amount in excess of fifty thousand ($50,000) dollars, in addition to the costs of prosecuting this claim.

4

## II.  WILLFUL AND WANTON CONDUCT

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Willful and Wanton Conduct against the Village of Plainfield, allege as follows:

1-32.  Plaintiffs adopt and reallege paragraphs 1-32 of Count I as paragraphs 1-32 of this Count II as if fully set forth herein.

33.  At all times relevant hereto, the Village of Plainfield had a duty to refrain from willful and wanton conduct in the design, operation, maintenance and inspection of its stormwater drainage system.

34.  At all times relevant hereto, Defendant Village of Plainfield had a duty to implement the Will County Stormwater Management Plan at a minimum.

35.  The Defendant Village knew or reasonably should have known, to a high degree of certainty, that the implementation of its stormwater system and the allowance of certain developments would cause a backup of water and sewage onto Plaintiffs' property, along with an increase in groundwater levels.

36.  In fact, the implementation of Defendant's stormwater system failed to comport with the minimum requirements of the Will County Stormwater Management Plan and has caused the Plaintiffs' property to be flooded with water and contaminated with sewage.

37.  Notwithstanding its duties as aforesaid, the Village is guilty of willful and wanton conduct in the following ways:

(a)    The Village has failed to comply with the minimum requirements of the Will County Stormwater Management Plan;

(b)    By way of dedication, the Village owns and operates drainage facilities which the Village knew would be defective.  In the alternative, the Village discovered that the aforesaid infrastructure was defective and did nothing to remediate the same;

5

(c)    The Village has demonstrated a reckless disregard for the drainage ramifications of the Plaintiffs by allowing discharge of stormwater the Village knew or should have known could negatively impact Plaintiffs' property;

(d)    The Village engineer and its staff have disregarded the presence of groundwater and nevertheless approved subdivision developments with the knowledge that run-off from said developments would flood the Plaintiffs' property; and

(e)    The Village has prosecuted Plaintiffs for alleged ordinance violations when no other citizen has been prosecuted and the alleged incident occurred wholly outside the jurisdiction of the Village of Plainfield.

38.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts, or egregious omissions, Plaintiffs have suffered a continuous loss of their real property, a diminution of value with respect to said property, the presence of contaminated water in and around their home, loss of work time and wages in addition to severe emotional distress.

WHEREFORE, the Plaintiffs, Mark and Pamela Murphy, pray for judgment against the Defendant, Village of Plainfield, in an amount in excess of fifty thousand ($50,000) dollars, in addition to the costs of prosecuting this claim.

## III.  INTENTIONAL TRESPASS

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Intentional Trespass against the Village of Plainfield and Plainfield Township, allege as follows:

1-32.  Plaintiffs adopt and reallege paragraphs 1-32 of Count I as paragraphs 1-32 of this Count III as if fully set forth herein.

33.    That at all times relevant hereto, it was the duty of Defendants, Village of Plainfield and Plainfield Township, to protect the health, safety and welfare of its citizens and residents so as to prevent and abate nuisances and trespass.

6

34. At all times relevant hereto, it was the duty of the Defendants not to enter upon or cause damage to the property owned by the Plaintiffs.

35. That over the course of the last decade, the Village and the Township have caused or allowed flooding and sewage in its control to enter onto and trespass upon and under the property owned by the Plaintiffs.

36. That as a direct and proximate result of the acts and omissions by the Defendants, Plaintiffs have suffered damage to their property, Plaintiffs have been forced to expend money for replacement, protection and remediation of its property and Plaintiffs have suffered a diminution in the value of their real property in that there exists a continuous and constant threat of floodwater and sewage upon and below Plaintiffs' property, thereby resulting in the continuing loss of use of real estate owned by the Plaintiffs.

WHEREFORE, the Plaintiffs, Mark and Pamela Murphy, pray for judgment against the Defendants, Village of Plainfield and Plainfield Township, in an amount in excess of fifty thousand ($50,000) dollars, in addition to the costs of prosecuting this claim.

## IV. VIOLATION OF ARTICLE 1, SECTION 15 OF THE CONSTITUTION OF THE STATE OF ILLINOIS

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Violation of Article 1, Section 15 of the Constitution of the State of Illinois against the Village of Plainfield and Plainfield Township, allege as follows:

1-32. Plaintiffs adopt and reallege paragraphs 1-32 of Count I as paragraphs 1-32 of this Count IV as if fully set forth herein.

33. That Article 1 Section 15 of the Constitution of the State of Illinois, Right of Eminent Domain provides:

7

Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law.

34. That prior to filing the lawsuit herein the Plaintiffs, on their own behalf and by and through their attorneys, made a demand upon Defendants for payment of damages due to the discharge of water and sewage onto their premises, to which no offer of settlement was made.

35. That the Defendants, Village of Plainfield and Plainfield Township, allowed sewage water, floodwater and other refuse that was in its possession and control to enter onto and trespass upon the property owned by the Plaintiffs.

36. In the fall of 2007, Defendants, Village of Plainfield and Plainfield Township, excavated portions of Plaintiffs' property and installed piping in an effort to address the flooding issues caused by said Defendants.

37. Defendants failed to obtain written permission for said activities.

38. Defendants have dug out portions of Plaintiffs' yard, only to find groundwater near the surface, and have left the situation unrepaired.

39. The Defendants have violated Article 1, Section 15 of the Illinois Constitution in contravention of the Takings Clause in the following ways:

(a) Defendants have caused or allowed flooding over and under the Plaintiffs' property;

(b) Defendants have caused the septic system to fail, and effectively transported fecal coliform, e-coli bacteria and other elements of raw sewage onto and over Plaintiffs' property;

(c) Defendants have installed infrastructure below and onto Plaintiffs' property without written permission to do so; and

(d) Defendants have come onto Plaintiffs' property and desecrated portions thereof, rendering the same unsuitable and devoid of any economic viability.

8

40. As a direct and proximate result of one or more of the aforesaid acts and omissions, Plaintiffs have suffered damage to their real and personal property and have suffered a diminution in the value of their property to the extent that Plaintiffs' property has little or no value.

WHEREFORE, the Plaintiffs, Mark and Pamela Murphy, pray that the Court adjudicate the matters raised herein, find in favor of the Plaintiffs, award Plaintiffs damage in excess of fifty thousand ($50,000) dollars, and award Plaintiffs all costs and reasonable attorneys fees in the prosecution this claim.

## V. VIOLATION OF THE FIFTH AND FOURTEEN AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America against the Village of Plainfield and Plainfield Township, allege as follows:

1-32. Plaintiffs adopt and reallege paragraphs 1-32 of Count I as paragraphs 1-32 of this Count V as if fully set forth herein.

33. That prior to filing the lawsuit herein the Plaintiffs, on their own behalf and by and through their attorneys, made a demand upon Defendants for payment of damages due to the discharge of sewage onto their premises, to which no offer of settlement was made.

34. That the Defendants, Village of Plainfield and Plainfield Township, allowed sewage water, floodwater and other refuse that was in its possession and control to enter onto and trespass upon the property owned by the Plaintiffs.

9

35. In the fall of 2007, Defendants, Village of Plainfield and Plainfield Township, excavated portions of Plaintiffs' property and installed piping in an effort to address the flooding issues caused by said Defendants.

36. Defendants failed to obtain written permission for said activities.

37. Defendants have dug out portions of Plaintiffs' yard, only to find groundwater near the surface, and have left the situation unrepaired.

38. That the Fifth Amendment to the Constitution of the United States of America provides, in part, that "nor shall private property be taken for public use, without just compensation".

39. That the Fourteenth Amendment to the Constitution of the United States of America applies the protections and guarantees of the Fifth Amendment to the Constitution of the United States of America to the actions of States and local units of government.

40. That prior to filing the lawsuit herein the Plaintiffs, on their own behalf and by and through their attorneys, made a demand for payment of damages due to the discharge of sewage onto their premises, to which no offer of settlement was made.

41. That the Defendants, Village of Plainfield and Plainfield Township, allowed water, raw sewage and other refuse that was in its possession, caused or control to enter onto and trespass upon the property owned by the Plaintiffs.

42. That as a direct and proximate result of one or more of the aforesaid acts the Plaintiffs have suffered damage to their real property and their personal property and the Plaintiffs were forced expend diverse sums of money for replacement, protection and remediation of their property and the Plaintiffs have suffered a diminution in the value of their real property in that there is a continuing threat of the infiltration of flooding

10

and raw sewage, resulting in the continuing loss of use of the real estate owned by the Plaintiffs.

WHEREFORE, the Plaintiffs, Mark and Pamela Murphy, pray that the Court adjudicate the matters raised herein, find in favor of the Plaintiffs, award Plaintiffs damage in excess of fifty thousand ($50,000) dollars, and award Plaintiffs all costs and reasonable attorneys fees in the prosecution this claim.

## VI.  MALICIOUS PROSECUTION

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Malicious Prosecution against the Village of Plainfield, the Plainfield Park District, Greg Bott and Joan Meyers, allege as follows:

1.  The Village of Plainfield is a municipal corporation formed under the Illinois Municipal Code, and the Plainfield Park District is a special district formed under the authority of the Illinois legislature.

2.  The Plaintiffs are residents of unincorporated Plainfield Township.

3.  For purposes of municipal ordinance enforcement, the Village of Plainfield and the Plainfield Park District have no jurisdiction over property outside of their respective corporate boundaries.

4.  On June 15, 2006, Plaintiffs were operating a utility vehicle near their property, in unincorporated Plainfield Township.

5.  On June 15, 2006, Plaintiffs, and their son, Jacob Murphy, were approached by Officer Koch of the Village of Plainfield.

6.  On June 15, 2006,  Officer Koch discussed the situation with the Plaintiffs, where Officer Koch acknowledged the flooding problem, but stated that utility vehicles were not permitted upon Park District property.

11

7.  At no time were the Plaintiffs operating the off-road vehicle upon Park District property, and Plaintiffs told Officer Koch the same.

8.  Officer Koch stated that he would have to talk to his supervisors and would inform the Plaintiffs of the decision on June 16, 2006.

9.  On June 16, 2006, Officer Koch saw the Plaintiffs at a baseball game and informed Plaintiffs that Koch thought "a decision to prosecute will be made".

10.  Plaintiffs appeared in Court on August 4, 2006 and plead not guilty to the charges.

11.  Plaintiffs contacted Com Ed representative Craig Dixon, and Mr. Dixon contacted Joan Meyers, the prosecuting attorney for the Village.

12.  Defendant Joan Meyers told Craig Dixon that the Plainfield Park District had exclusive jurisdiction over the property behind the Murphy residence, and Mr. Dixon informed Defendant Meyers that this information was incorrect in that Com Ed owned the property and did not sign or otherwise authorize the complaint.

13.  Defendant Meyers denied any knowledge of flooding on the Murphy property and told Mr. Dixon that she would not consider dropping the charges.

14.  In August of 2006, Mr. Dixon delivered a copy of the lease agreement between Com Ed and the Park District to Defendant Joan Meyers, pointing out that Com Ed owned the property.

15.  On September 1, 2006, a bench trial commenced, but was continued for further evidentiary matters.

16.  On September 1, 2006, Greg Bott, an employee of the Plainfield Park District testified that he was unaware of any flooding on or near the Murphy property.

- 12 -

17. In 2005, however, Mr. Bott had addressed this flooding issue of the Park District easement with representatives of Will County. Defendant Botts' comments are public record and directly contravene his statements in court on September 1, 2006. The easement is very close to or directly adjacent to the Murphy property.

18. On October 6, 2006, the case was set for trial.

19. On October 6, 2006, a substitute Judge was present, and no trials were occurring. As such, Defendant Joan Meyers released all of her witness early on in the proceedings, but let the Murphys stay until 4:30 p.m.

20. Being the last people in the courtroom, the Judge asked what the Plaintiffs were here for, to which they responded "trial". The Judge then advised the Murphys that no trials were to occur that day.

21. Defendant Joan Meyers stated that she did not know that information and the Judge then apologized to the Plaintiffs.

22. Trial was rescheduled to November 6, 2006.

23. On November 6, 2006, Defendant Joan Meyers offered to drop the charges against the Plaintiffs if their son, Jacob Murphy, would plead guilty.

24. Plaintiffs refused this offer and Defendant Joan Meyers then dismissed all of the charges.

25. Defendant Joan Meyers is the Village attorney for the Village of Plainfield.

26. Prior to this ultra vires ordinance prosecution, the Plaintiffs had appeared at numerous meetings before the Village of Plainfield, and Defendant Joan Meyers knew the Plaintiffs and knew their property was often flooded.

27.  Upon information and belief, Defendants Joan Meyers and Greg Bott conspired to charge Plaintiffs with a false ordinance violation for which the Village and the Park District had no jurisdiction in order to harass and intimidate the Plaintiffs.

28.  Under color of state law, Defendants Joan Meyers and Greg Bott conspired to prosecute the Plaintiffs when in fact both Meyers and Bott knew that the Village was without the power and authority to do so.

29.  When Plaintiffs brought neighbors and Mr. Dixon from Com Ed to court on November 6, 2006, Defendant Meyers dismissed the charges, although she tried once last attempt to intimidate Mr. Murphy before doing so.

30.  Defendant Joan Meyers was aware that the neighbors were going to testify that they commonly operated utility vehicles upon the same property which was the subject of the Murphy prosecution, but those neighbors had never been prosecuted.

31.  Defendant, Joan Meyers, was aware that Mr. Dixon from Com Ed was going to testify that Com Ed owned the property, and it was not within the jurisdiction of the Village of Plainfield or the Plainfield Park District to prosecute any alleged violations purportedly undertaken by the Plaintiffs.

32.  The Village of Plainfield, the Plainfield Park District, Greg Bott and Joan Meyers participated in a false prosecution in order to harass and intimidate the Plaintiffs.

33.  The Defendants, Village of Plainfield, the Plainfield Park District, Joan Meyers and Greg Bott knew when they charged the Plaintiffs that they did not have jurisdiction to do so.

- 14 -

34. In the alternative, Defendants, Bott and Meyers, were informed of this fact by representative Dixon of Com Ed and still refused to dismiss the charges.

35. Upon information and belief, Defendant Meyers informed the court that no complaining witness was present, when in fact such representation was not true. Defendant Meyers told the complaining witness to leave the courtroom, knowing full well that the charges were meritless.

36. All of the Defendants charged and continued to prosecute the Plaintiffs in bad faith and in contravention of Plaintiffs' civil rights.

37. During the pendency of the five (5) month prosecution, all of the Defendants knew that they did not have jurisdiction to pursue the alleged ordinance violation.

38. At all times relevant hereto, Defendants were acting in their official capacities under color of state law.

39. As a direct and proximate result of Defendants knowing and willful actions, Plaintiffs have suffered damages in that Plaintiffs were forced to defend against a frivolous claim, lost time from work and suffered from emotional distress.

WHEREFORE, the Plaintiffs, Mark and Pamela Murphy, pray that the Court adjudicate the matters raised herein, find in favor of the Plaintiffs, award Plaintiffs damage in excess of fifty thousand ($50,000) dollars, and award Plaintiffs all costs and reasonable attorneys fees in the prosecution this claim.

## VII. SECTION 1983

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Section 1983 against the Village of Plainfield, Plainfield Park District, Greg Bott and Joan Meyers, allege as follows:

- 15 -

1-39. Plaintiffs adopt and reallege paragraphs 1-39 of Count VI as paragraphs 1-39 of this Count VII as if fully set forth herein.

40. 42 U.S.C. Section 1983 provides:

> 'Every person who **under color** of any statute, ordinance, regulation, custom, or usage, of any State or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the **deprivation** of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action of law, suit in equity or other proper proceeding for redress.' (Emphasis added.)

41. The Defendants' actions in this case have been under color of state law.

42. The Defendants' aforementioned actions have deprived Plaintiffs of their inalienable right to be free from governmental harassment and intimidation, and have caused Plaintiffs' substantial monetary and psychological damages.

43. The Defendants actions have been knowingly illegal and Defendants have been unable to cite any legal provision in support of their arbitrary actions.

WHEREFORE, Plaintiffs, Mark and Pamela Murphy,  pray that the Court adjudicate the matters raised herein, find in favor of the Plaintiffs, and declare that the Defendants, Village of Plainfield, Plainfield Park District, Greg Bott and Joan Meyers have violated Plaintiffs' rights and find that said violation has been knowing, willful and without legal justification. Plaintiffs further pray that this Court order the Defendants to pay damages in excess of fifty thousand ($50,000) dollars and award Plaintiffs all costs and reasonable attorneys fees in the prosecution of this claim.

## VIII.  MONELL VIOLATION

- 16 -

NOW COME the Plaintiffs, Mark and Pamela Murphy, and for this Count of Monell Violation against the Village of Plainfield, Plainfield Park District, Greg Bott and Joan Meyers, allege as follows:

1-43. Plaintiffs adopt and reallege paragraphs 1-43 of Count VII as paragraphs 1-43 of this Count VIII as if fully set forth herein.

44. The actions of the Defendants as articulated herein are inherently unreasonable and serve no legitimate governmental interest.

45. The prosecution of the Plaintiffs by the Defendants have no basis in fact, law or policy.

46. The Defendants have repeatedly abused the powers granted to them in order to illegally intimidate the Plaintiffs.

47. The Defendants' actions, subjecting the Plaintiffs to a knowingly false charge remains an illegal abuse of power.

48. At all relevant times herein, the named Defendants had final policy making power over whether Plaintiffs would be prosecuted.

49. Defendants Meyer and Bott repeatedly ignored the fact that Com Ed owned the property and that the Village and the Park District were without jurisdiction to prosecute the Plaintiffs.

50. All al times relevant herein, Defendants, Meyer and Bott, had final policy making authority as to Defendant, Village of Plainfield, in prosecution of the alleged ordnance violation.

51. Property owners next to the Plaintiffs' residence engaged in the same behavior without any penalty from the Defendants.

- 17 -

52. The Village and its agents knew the charges were false.

53. As a result of the Defendants' actions, the Plaintiffs have incurred substantial monetary and psychological damages.

WHEREFORE, Plaintiffs, Mark and Pamela Murphy, pray that the Court adjudicate the matters raised herein, find in favor of the Plaintiffs, and declare that, as a matter of law, the Defendants, Village of Plainfield, Plainfield Park District, Greg Bott and Joan Meyers have abused their powers in violation of Plaintiffs' constitutional rights, and award the Plaintiffs compensatory damages and award Plaintiffs all costs and reasonable attorneys fees in the prosecution of this claim.

Respectfully submitted,

MARK AND PAMELA MURPHY

By: _____

One of their attorneys

THE LAW OFFICES OF TIMOTHY P. DWYER
Attorney No.: 06203199
240 West River Drive
St. Charles, IL  60174
(630) 513-0066

- 18 -

STATE OF ILLINOIS )
                  ) SS
COUNTY OF WILL    )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Mark & Pamela Murphy

_____

### Plaintiff(s)

vs                                    Case No. 07SC2274

Village of Plainfield

_____

### Defendant(s)

| PLAINTIFF PRESENT | ☒ YES ☐ NO | Judge Robert C. Lorz | PLAINTIFF ATTORNEY | ☐ YES ☐ NO |
| DEFENDANT PRESENT | ☐ YES ☐ No | | DEFENDANT ATTORNEY | ☒ YES ☐ NO |

# ORDER

☐ **CONTINUANCE**     ☐ **JUDGMENT**     ☐ **MISCELLANEOUS**

### THE COURT BEING ADVISED IN THE PREMISES:

| IT IS ORDERED : | IT IS ORDERED : |
|---|---|
| On Motion of Court Defendant that this cause is continued to May 12, 2008 Time: 9:00 (AM) PM Room 111 Judge Lorz ☐ _____ **MUST APPEAR** **FOR:** ☐ Arbitration Hearing ☐ Hearing on Motion/Petition for/to:_____ ☐ Default/Judgment  ☐ Dismiss/Setting ☐ Proof of Damages  ☐ Status/Setting (Arbitration Only) ☐ Trial ☐ Other (Describe): Motion to Dismiss is entered and continued to May 12, 2008. | ☐ Dismissed **without** Prejudice ☐ Dismissed **with** Prejudice ☐ Dismissed with/leave to Reinstate ☐ Alias Summon to Issue ☐ Citation to Issue ☐ Judgment to enter: ☐ By Default ☐ Upon Trial or Hearing ☐ Defendant Having Admitted Liability In favor of_____ and against_____ in the amount of $_____ plus attorney's fees of $_____, costs of $_____. ☐ Miscellaneous Order: _____ ☐ Address: _____ |

Name Joan Meris
ARDC# 6207340
Attorney For Defendant
Address 14300 S Coil Plus Dr
City Plainfield
Telephone 815-439-2494

ENTER _____
         JUDGE Lorz
DATE 4/7/09

STATE OF ILLINOIS )
                  ) SS
COUNTY OF WILL    )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Mark & Pamela Murphy
_____

**Plaintiff(s)**

vs                                    Case No. 07SC 8874

Village of Plainfield
_____

**Defendant(s)**

| PLAINTIFF PRESENT | ☒ YES ☐ NO | Judge Robert C. Lorz | PLAINTIFF ATTORNEY | ☐ YES ☐ NO |
| DEFENDANT PRESENT | ☐ YES ☐ No | | DEFENDANT ATTORNEY | ☒ YES ☐ NO |

# ORDER

☐ **CONTINUANCE**      ☐ **JUDGMENT**      ☐ **MISCELLANEOUS**

## THE COURT BEING ADVISED IN THE PREMISES:

| IT IS ORDERED : | IT IS ORDERED : |
|---|---|
| On Motion of __Defendant__ that this cause is continued to __April 7__, 200_8_ Time: __10:30__ (AM) PM Room __111__ Judge __Lorz__ ☐ _____ **MUST APPEAR** **FOR:** ☐ Arbitration Hearing ☒ Hearing on Motion/Petition    for/to: __Motion to Dismiss__ _____ ☐ Default/Judgment   ☐ Dismiss/Setting ☐ Proof of Damages   ☐ Status/Setting               (Arbitration Only) ☐ Trial ☒ Other (Describe): __Motion to dismiss__ __to be filed on or before__ __March 31, 2008__ | ☐ Dismissed **without** Prejudice ☐ Dismissed **with** Prejudice ☐ Dismissed with/leave to Reinstate ☐ Alias Summon to Issue ☐ Citation to Issue ☐ Judgment to enter:   ☐ By Default   ☐ Upon Trial or Hearing   ☐ Defendant Having Admitted Liability     In favor of_____     and against_____     in the amount of $_____plus attorney's     fees of $_____, costs of $_____. ☐ Miscellaneous Order:_____ ☐ Address:_____ |

Name __Joan Meyers__
ARDC# __6207346__
Attorney For __Village__
Address __14300 S. Coil Plus Drive__
City __Plainfield__
Telephone __815-439-2494__

ENTER _____

JUDGE __Lorz__

DATE __3/17/08__

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| MARK E. MURPHY and PAMELA S. MURPHY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    Case No. 07SC8874 |
| | ) |
| VILLAGE OF PLAINFIELD, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING

To:    Mark and Pamela Murphy
16141 Farmingdale Drive
Plainfield, Illinois  60585
Joliet, Illinois 60432

PLEASE TAKE NOTICE that on March 31, 2008, I caused to be filed in the above-captioned matter, with the Clerk of the Circuit Court of Will County, Defendant Village of Plainfield's Motion to Dismiss.

By:

_Joan Meyers_
Attorney for Defendant
Village of Plainfield

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies she caused a copy of this Notice with all attachments thereto, to be served by mailing a copy thereof to the office of each person to whom it is directed, and depositing same in the U.S. Mail at 14300 S. Coil Plus Drive, Plainfield, Illinois, on March 31, 2008, with proper postage prepaid.

_Joan Meyers_
Joan Meyers

# IN THE CIRCUIT COURT OF THE TWELFTH JUCICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

MARK MURPHY and PAMELA MURPHY,    )
                Plaintiffs,          )

                            )    Case No.: 07SC8874

    v.                      )

                            )

VILLAGE OF PLAINFIELD,          )
                Defendant.      )

## DEFENDANT VILLAGE OF PLAINFIELD'S
## 735 ILCS §5/2-615 MOTION TO DISMISS

NOW COMES the Village of Plainfield (the "Village" or "Defendant") by and through

its attorney, Joan Meyers, and hereby submits this Motion to Dismiss Plaintiffs Mark and Pamela

Murphy's ("Plaintiffs") Complaint ("Complaint"), pursuant to 735 ILCS §5/2-615 ("§2-615") of

the Illinois Code of Civil Procedure (the "Code"). The Motion should be granted because

Plaintiffs have not, and cannot, alleged facts sufficient to state a cause of action against the

Village upon which relief can be granted.

## THE COMPLAINT

The Complaint filed in this matter states in relevant part as follows:

> . . . defendant is indebted to the plaintiff in the sum of $2,420 + Court fees
> for false charges on June 15th 2006 for "operation of motorized vehicle
> on private property located within the Village of Plainfield, without the
> consent of the owner of said property", and that plaintiff has demanded
> payment of said sum; and that defendant refused to pay the same and no
> part thereof has been paid . . .

A copy of the Complaint is attached hereto and incorporated herein by reference as Exhibit "A".

## ARGUMENT

### Plaintiffs Have Not and Cannot State a
### Legally Recognizable Cause of Action for Malicious Prosecution

Illinois law is clear that a motion to dismiss pursuant to section 2-615 challenges the legal

sufficiency of a complaint. *Anderson v. Vanden Dorpel*, 172 Ill.2d 399, 667 N.E.2d 1296

(1996). The question presented in a section 2-615 motion is whether the complaint alleges

sufficient facts entitling a plaintiff to relief. *Bryson v. News America Publications, Inc.*, 174

Ill.2d 77, 672 N.E.2d 1207 (1996). Illinois law also provides that a civil complaint must plead

the ultimate facts which give rise to the cause of action. *People ex. rel. Scott v. College Hills*

*Corp.*, 91 Ill. 2d 138, 435 N.E. 2d 463 (1982). Although pleadings should be liberally construed

in order to effectuate substantial justice between the parties, liberal construction cannot correct

fatal deficiencies, such as necessary factual allegations. *Kirby v. Chicago City Bank and Trust*

*Co.*, 82 Ill. App. 2d 1113, 403 N.E. 2d 720 (1st Dist. 1980).

In the instant action, Plaintiffs have not plead facts sufficient to assert a legally

recognizable cause of action against the Village. Plaintiffs claim to allege a cause of action for

malicious prosecution.[1]  However, a complaint for malicious prosecution premised upon a prior

civil proceeding must show the following: (a) the defendant instituted the underlying action

without probable cause and with malice; (b) the former action was terminated in the plaintiff's

favor; and (c) the plaintiff suffered a special injury beyond the usual expense, time or annoyance

in defending the underlying action. *Howard v. Firmand*, 378 Ill.App.3d 147, 880 N.E.2d 1139

(1st Dist. 2007). The absence of any of these elements bars a plaintiff from pursuing a claim for

malicious prosecution. *Id.*

Plaintiffs' Complaint is inadequate. It is devoid of <u>any</u> allegations necessary to state a

claim for malicious prosecution. Specifically, the Complaint does not allege that the action

underlying the subject civil proceeding was initiated without probable cause and with malice,

that the subject proceeding terminated in Plaintiffs favor and that Plaintiffs suffered a special

---

[1]  When before this Court on March 17, 2008, Plaintiff Pamela Murphy informed the Court that Plaintiffs'
Complaint is premised upon a claim for malicious prosecution.

2

injury beyond the usual expense, time or annoyance in defending the underlying action. (*See*, Exhibit "A"). Absent these factual allegations, the Complaint is insufficiently plead and should be dismissed.

Moreover, with respect to the latter of these elements, not only have Plaintiffs not asserted they suffered a "special injury", they cannot assert such a claim. In the context of a claim for malicious prosecution, a "special injury" is defined as a "special damage beyond the usual expense, time or annoyance in defending a lawsuit". *Id.* at 152. Plaintiffs previously advised this Court that their claim is premised upon the time and expense, including lost wages, in defending the underlying civil proceeding. This does not fulfill the requirement of a special injury for the purpose of properly pleading a claim for malicious prosecution. Absent a special injury, Plaintiffs claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant Village of Plainfield respectfully requests that Plaintiffs' Complaint be dismissed pursuant to Section 2-615, and for such other relief as this Court deems appropriate.

Respectfully submitted,
VILLAGE OF PLAINFIELD


By: _____
One of Its Attorneys

Joan M. Meyers (6207346)
Village of Plainfield
14300 South Route 59
Plainfield, Illinois 60544
(815) 439-2494

3

60

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Mark E. Murphy
Pamela S. Murphy
_____
PLAINTIFF(S)

VS.

Village of Plainfield
c/o Michelle Gibas, Village Clerk
_____
DEFENDANT(S)

CASE NO. 07SC8874

AMOUNT CLAIMED $ 2420.00 + CF

Address of Defendant(s):

24401 W. Lockport St.
Plainfield, IL 60544

*Alias*

## SUMMONS
### (SMALL CLAIMS)

**TO EACH DEFENDANT:**

  **YOU ARE SUMMONED AND REQUIRED TO APPEAR** before this Court in Courtroom  111

in  Will County Court House, Joliet IL

at  9:00 O'clock,  A M., on March 17th _____, 20 08, to answer the complaint of the
Plaintiff(s), a copy of which is attached to this summons.  If you fail to do so, a judgment by default will be taken against you for
the amount claimed.

(Court Seal)

Witness  2/11/08 _____, 20____

Pamela J. McGuire  LM

**PAMELA J. MCGUIRE**
**Clerk of the Circuit Court**

### NOTICE TO DEFENDANTS

  At the time and place shown above, you must appear either in person or by an Attorney and make your presence known to the
Court.  If you do not appear as required, the allegations of the complaint will be taken as confessed and a judgment may be entered
against you for an amount not to exceed the amount claimed by the Plaintiff to be due.

  In the event a judgment is entered against you in the manner indicated in the above paragraph, and if you have a valid defense
to the claim, you may ask the court to vacate the judgment at any time within thirty (30) days after it is entered, but you must file a
written affidavit with the Court showing that you have a valid defense and were not lax in prosecuting the same.

  The case will not be tried on the date set for your appearance unless otherwise ordered by the Court.  If you wish to contest the
claim, you must appear at the time and place fixed by the Court for trial, with the witnesses, books or documents you require to
establish your defense.

Name Mark or Pamela Murphy
Attorney for _____
ARDC # _____
Address 10141 Farmingdale Dr.
City Plainfield, IL 60586
Telephone 815.436.1353

**19B**    (Revised 12-99)  3 Part Form

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL )

FILED
07 OCT 25 PM 2:29
CLERK CIRCUIT COURT
WILL COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Case No. __07SC8874__

Plaintiff: Mark Murphy

Pamela Murphy

VS

Defendant: Village of Plainfield

Jeff Kock (Police Dept.)

Greg Bott (Park Dist.)

## SMALL CLAIM COMPLAINT

I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of $ 2420.00 + Court Fees

for False Charges on June 15th 2006 for "operation of Motorized Vehicle

on Private Property located within the Village of Plainfield, without the Consent

of the owner of Said Property"

and that plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has

been paid; that the defendant resides at "Village of Plainfield" (Police Dept) 14300 S. Coil Plus Dr. (Park Dist) 23789 W. Ottawa St.

phone number (Park Dist) 815 436-8812 (Police Dept) 815 436 6544    that the plaintiff resides at _____

phone number

in the State of Illinois.

Signature of Plaintiff

16141 Farmingdale
Address

Plainfield IL
City

815-436-1353
Telephone Number

19A (Revised 05-2001) 3 part form

STATE OF ILLINOIS )
                  ) SS
COUNTY OF WILL    )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Mark a Pamela Murphy

_____

**Plaintiff(s)**

vs                                    Case No. 07 SC 8874

Village of Plainfield

_____

**Defendant(s)**

| PLAINTIFF PRESENT | ☒ YES ☐ NO | Judge Robert C. Lorz | PLAINTIFF ATTORNEY | ☐ YES ☐ NO |
| DEFENDANT PRESENT | ☐ YES ☐ NO | | DEFENDANT ATTORNEY | ☒ YES ☐ NO |

# ORDER                                    Vacation

☐ **CONTINUANCE**      ☐ **JUDGMENT**      ☒ **MISCELLANEOUS**

### THE COURT BEING ADVISED IN THE PREMISES:

| IT IS ORDERED : | IT IS ORDERED : |
|---|---|
| On Motion of _____ Parties that this cause is continued to March 17, 2008 Time: 9:00 ☒AM ☐PM Room 111 Judge _____ ☐ _____ **MUST APPEAR** **FOR:** ☐ Arbitration Hearing ☐ Hearing on Motion/Petition for/to: _____ ☐ Default/Judgment ☐ Dismiss/Setting ☐ Proof of Damages ☒ Status/Setting (Arbitration Only) ☐ Trial ☒ Other (Describe): Village's motion to Quash is granted; Alias Summons to issue directed to Village of Plainfield | ☐ Dismissed without Prejudice ☐ Dismissed with Prejudice ☐ Dismissed with/leave to Reinstate ☒ Alias Summon to Issue returnable ☐ Citation to Issue March 17, 2008 ☐ Judgment to enter: ☐ By Default ☐ Upon Trial or Hearing ☐ Defendant Having Admitted Liability In favor of _____ and against _____ in the amount of $_____ plus attorney's fees of $_____, costs of $_____. ☐ Miscellaneous Order: _____ ☐ Address: _____ |

Name: Joan Meyers
ARDC# 6207346
Attorney For Village of Plainfield
Address 14300 Coil Plus Drive
City Plainfield
Telephone 815-439-2494

ENTER _____
JUDGE Lorz
DATE 2/11/08

STATE OF ILLINOIS )
                  ) SS
COUNTY OF WILL    )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Michael and Pamela Murphy
_____

**Plaintiff(s)**

vs                                          Case No. 07SC8874

Village of Plainfield
_____

**Defendant(s)**

| PLAINTIFF PRESENT | ☒ YES ☐ NO | Judge Lorz | PLAINTIFF ATTORNEY | ☐ YES ☒ NO |
| DEFENDANT PRESENT | ☐ YES ☐ No | | DEFENDANT ATTORNEY | ☒ YES ☐ NO |

# ORDER

☐ **CONTINUANCE**      ☐ **JUDGMENT**      ☐ **MISCELLANEOUS**

### THE COURT BEING ADVISED IN THE PREMISES:

| IT IS ORDERED : | IT IS ORDERED : |
|---|---|
| On Motion of ~~Court~~ Defendant that this cause is continued to Feb 11 , 20 08 Time: 10:30 (AM) PM Room 111 Judge Lorz ☐ _____ **MUST APPEAR** **FOR:** ☐ Arbitration Hearing ☒ Hearing on Motion/Petition for/to: Quash Service of Summons ☐ Default/Judgment   ☐ Dismiss/Setting ☐ Proof of Damages   ☐ Status/Setting (Arbitration Only) ☐ Trial ☐ Other (Describe):_____ _____ _____ _____ | ☒ Dismissed **without** Prejudice as to Defendant Jeff Koch ☐ Dismissed **with** Prejudice ☐ Dismissed with/leave to Reinstate ☐ Alias Summon to Issue ☐ Citation to Issue ☐ Judgment to enter: ☐ By Default ☐ Upon Trial or Hearing ☐ Defendant Having Admitted Liability In favor of_____ and against_____ in the amount of $_____plus attorney's fees of $_____, costs of $_____. ☐ Miscellaneous Order:_____ ☐ Address:_____ _____ _____ _____ |

Name David Meyer
ARDC# 6203073410
Attorney For Village of Plainfield     ENTER
Address 14300 Coil Plus Drive
City Plainfield, IL 60544              JUDGE Lorz
Telephone (815) 439-2494              DATE 1/15/08

STATE OF ILLINOIS)
             )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Case No. **07SC8874**

FILED
07 OCT 25 PM 2 29
CLERK CIRCUIT COURT
WILL COUNTY, ILLINOIS

Plaintiff: Mark Murphy

    Pamala Murphy

VS

Defendant: Village of Plainfield

    Jeff Kock (Police Dept.)

    Greg Bott (Park Dist.)

## SMALL CLAIM COMPLAINT

I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of $ 2420.00 + Court Fees

for False Charges on June 15th 2006 for "operation of Motorized Vehicle

on Private Property located within the Village of Plainfield, without the Consent

of the owner of said Property"

and that plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has
been paid; that the defendant resides at "Village of Plainfield" (Police Dept) 14300 S. Coil Plus Dr. (Park Dist) 23789 W. Ottawa St

phone number (Police Dept) 815 436 6544 (Park Dist) 815 436-8812   that the plaintiff resides at _____

_____
phone number

in the State of Illinois.

Signature of Plaintiff

16141 Farmingdale
Address

Plainfield IL
City

815-436-1353
Telephone Number

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

Mark E. Murphy
Pamela S. Murphy
PLAINTIFF(S)

CASE NO. 07SC8874

AMOUNT CLAIMED $ 2420.00 + CF

VS.

Village of Plainfield
c/o Michelle Gibas, Village Clerk
DEFENDANT(S)

Address of Defendant(s):

24401 W. Lockport St.
Plainfield, IL 60544

Alias
## SUMMONS
### (SMALL CLAIMS)

### TO EACH DEFENDANT:

**YOU ARE SUMMONED AND REQUIRED TO APPEAR** before this Court in Courtroom ___111___

in Will County Court House, Joliet IL

at 9:00 O'clock, A M., on March 17th, 20 08, to answer the complaint of the Plaintiff(s), a copy of which is attached to this summons. If you fail to do so, a judgment by default will be taken against you for the amount claimed.

(Court Seal)

Witness 2/11/08, 20___

Pamela J. McGuire

**PAMELA J. MCGUIRE**
Clerk of the Circuit Court

### NOTICE TO DEFENDANTS

At the time and place shown above, you must appear either in person or by an Attorney and make your presence known to the Court. If you do not appear as required, the allegations of the complaint will be taken as confessed and a judgment may be entered against you for an amount not to exceed the amount claimed by the Plaintiff to be due.

In the event a judgment is entered against you in the manner indicated in the above paragraph, and if you have a valid defense to the claim, you may ask the court to vacate the judgment at any time within thirty (30) days after it is entered, but you must file a written affidavit with the Court showing that you have a valid defense and were not lax in prosecuting the same.

The case will not be tried on the date set for your appearance unless otherwise ordered by the Court. If you wish to contest the claim, you must appear at the time and place fixed by the Court for trial, with the witnesses, books or documents you require to establish your defense.

Name Mark or Pamela Murphy
Attorney for _____
ARDC # _____
Address 11041 Farmingdale Dr.
City Plainfield, IL 60586
Telephone 815.436.1353

**19B** (Revised 12-99) 3 Part Form

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| MARK E. MURPHY and PAMELA S. MURPHY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. 07SC8874 |
| | ) |
| VILLAGE OF PLAINFIELD, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF FILING

To:   Mark and Pamela Murphy
      16141 Farmingdale Drive
      Plainfield, Illinois  60585
      Joliet, Illinois 60432

PLEASE TAKE NOTICE that on February 4, 2008, I caused to be filed in the above-captioned matter, with the Clerk of the Circuit Court of Will County, Defendant Village of Plainfield's Motion to Quash Service.

By:

_____
Attorney for Defendant Village
of Plainfield

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies she caused a copy of this Notice with all attachments thereto, to be served by mailing a copy thereof to the office of each person to whom it is directed, and depositing same in the U.S. Mail at 14300 S. Coil Plus Drive, Plainfield, Illinois, on February 4, 2008, with proper postage prepaid.

_____
Joan Meyers

## IN THE CIRCUIT COURT OF THE TWELFTH JUCICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

MARK MURPHY and PAMELA MURPHY,    )
        )
        Plaintiffs,     )
        )    Case No.:  07SC8874
    v.        )
        )
VILLAGE OF PLAINFIELD,        )
        )
        Defendant.    )

## DEFENDANT VILLAGE OF PLAINFIELD'S MOTION TO QUASH SERVICE

NOW COMES the Village of Plainfield (the "Village" or "Defendant") by and through

its attorney, Joan Meyers, and hereby submits this Motion to Quash Service (the "Motion").  The

Motion should be granted because Plaintiffs have not affected proper service of the Alias

Summons issued in this matter.  In support of the Motion, Defendant states as follows:

1.      On December 28, 2007, Plaintiffs caused an Alias Summons directed to

Defendant to be issued in this matter.  A copy of the Alias Summons is attached hereto and

incorporated herein by reference as Exhibit "A".

2.      The Village, an Illinois municipal corporation, is the sole defendant named in this

action.  Pursuant to 735 ILCS §5/2-211 of the Illinois Code of Civil Procedure, service on a

municipal corporation must be made as follows:

> In actions against public, municipal or governmental . . . corporations,
> summons may be served be leaving a copy . . . with the president of the
> board of trustees or village clerk in the case of a village . . .

*See*, 735 ILCS §5/2-211.

3.      With respect to service of process on the Village, the return of service Plaintiffs

caused to be filed with this Court reveals that the Alias Summons was served upon Ms. Maura

Foster at the Plainfield Village Hall, 24401 W. Lockport Street, Plainfield, Illinois 60544.  (A

copy of the Return of Service is attached hereto and incorporated herein by reference as Exhibit "B".)

4.     Plaintiffs failed to properly serve the Alias Summons on the Village. Ms. Foster is neither the President of the Village's Board of Trustees nor the Village Clerk for the Village of Plainfield. (*See*, Affidavit of Chief Donald E. Bennett, a copy of which is attached hereto as Exhibit "C".)

5.     Under Illinois law, "personal jurisdiction does not exist unless proper service of summons has been made". *Miller v. Town of Cicero*, 225 Ill.App.3d 105, 590 N.E.2d 490 (1st Dist. 1992) (citing *Giralamo v. O'Connell*, 145 Ill.App.3d 527, 495 N.E.2d 1180 (1986)). In the instant action, the applicable statute provides that service must be made to the president of the board of trustees or the village clerk. *See*, 735 ILCS §5/2-211. Substitute service on a municipality is not a permissible method of service. *Id.* at 494.

6.     Plaintiffs have failed to comply with the applicable statute regarding service of process on the Village. Accordingly, such service is improper and should be quashed.

WHEREFORE, Defendant Village of Plainfield respectfully request that this Honorable Court enter an order in this matter granting Defendant's Motion to Quash Service, and for such other relief as this Court deems appropriate.

Respectfully submitted,

VILLAGE OF PLAINFIELD

By: _____
One of Its Attorneys

Joan Meyers (6207346)
Village of Plainfield
14300 South Route 59
Plainfield, Illinois 60544
(815) 439-2494

2

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

COPY

Mark E. Murphy

Pamela S. Murphy

**PLAINTIFF(S)**

VS.

c/o

Village of Plainfield / James A. Waldorf, Mayor

**DEFENDANT(S)**

Alias
**SUMMONS**
(SMALL CLAIMS)

CASE NO. 07SC8874

AMOUNT CLAIMED $ 2420.00 + C&F

Address of Defendant(s):

24401 W. Lockport St. Plainfield, Il 60544

**TO EACH DEFENDANT:**

YOU ARE SUMMONED AND REQUIRED TO APPEAR before this Court in Courtroom 111

in Will County Courthouse

at 9:00 O'clock, A M., on JANUARY 25th , 20 08 , to answer the complaint of the Plaintiff(s), a copy of which is attached to this summons. If you fail to do so, a judgment by default will be taken against you for the amount claimed.

(Court Seal)

**DEC 2 8 2007**

Witness _____, 20 ____

PAMELA J. McGUIRE

PAMELA J. McGUIRE
Clerk of the Circuit Court

### NOTICE TO DEFENDANTS

At the time and place shown above, you must appear either in person or by an Attorney and make your presence known to the Court. If you do not appear as required, the allegations of the complaint will be taken as confessed and a judgment may be entered against you for an amount not to exceed the amount claimed by the Plaintiff to be due.

In the event a judgment is entered against you in the manner indicated in the above paragraph, and if you have a valid defense to the claim, you may ask the court to vacate the judgment at any time within thirty (30) days after it is entered, but you must file a written affidavit with the Court showing that you have a valid defense and were not lax in prosecuting the same.

The case will not be tried on the date set for your appearance unless otherwise ordered by the Court. If you wish to contest the claim, you must appear at the time and place fixed by the Court for trial, with the witnesses, books or documents you require to establish your defense.

Name Mark or Pam Murphy
Attorney for
ARDC #
Address 16141 Farmingdale Dr.
City Plainfield, IL 60586
Telephone 815.436.1353

**EXHIBIT "A"**

122282007

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Village of Plainfield
James A. Waldorf, Mayor
24401 W. Lockport St.
Plainfield, Il. 60544   07SC8874

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Maura M. Foster   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Maura Foster   1/2/08

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7007 0710 0001 4370 1125

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1035

**EXHIBIT "B"**

**IN THE CIRCUIT COURT OF THE TWELFTH JUCICIAL CIRCUIT
WILL COUNTY, ILLINOIS**

| | | |
|---|---|---|
| MARK MURPHY and PAMELA MURPHY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 07SC8874 |
| v. | ) | |
| | ) | |
| VILLAGE OF PLAINFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF POLICE CHIEF DONALD E. BENNETT**

Chief Donald E. Bennett, being duly sworn on oath, states as follows:

1.     My name is Donald E. Bennett and I am the Chief of Police for the Village of Plainfield.  I have personal knowledge of the matters contained in this Affidavit and could competently testify to those matters.

2.     The current President of the Village's Board of Trustees is Mayor James Waldorf, and the current Village Clerk is Michelle Gibas.  Both individuals held their respective positions on December 28, 2007.  Ms. Maura Foster is not, and has never been, the Village President or Village Clerk of the Village of Plainfield.

Further affiant sayeth not.

_Donald E Bennett_

Subscribed and sworn to before me
this _4_ day of February, 2008.

_Sarah Baca_
Notary Public

OFFICIAL SEAL
SARAH BACA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/01/11

**EXHIBIT "C"**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| MARK E. MURPHY and PAMELA S. MURPHY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07SC5840 |
| ) | |
| PLAINFIELD TOWNSHIP PARK DISTRICT and ) | |
| GREG BOTT, ) | |
| Defendants. ) | |

## NOTICE OF MOTION

To:    Mark and Pamela Murphy                 Matthew Campbell, Esq.
       16141 Farmingdale Drive                Dykema Gossett
       Plainfield, Illinois  60585            111 North Ottawa Street
                                              Joliet, Illinois 60432

PLEASE TAKE NOTICE that on October 25, 2007, at 10:30 a.m., or as soon thereafter

as counsel may be heard, I shall appear before The Honorable Judge James Egan, or such other

Judge as may therein be presiding, at the Will County Courthouse, 14 West Jefferson Street,

Courtroom 111, Joliet, Illinois, and then and there present the attached Motion to Quash.

By:    _____

Joan M. Meyers (6207346)
Village of Plainfield
14300 South Coil Plus Drive
Plainfield, Illinois 60544
(815) 439-2494

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies she caused a copy of the foregoing Motion

to be served by hand delivery to each person to whom it is directed, on October 23, 2007

_____
Joan M. Meyers

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| MARK E. MURPHY and PAMELA S. MURPHY, )<br><br>　　　　　　　Plaintiffs, )<br><br>　　　　vs. )<br><br>PLAINFIELD TOWNSHIP PARK DISTRICT and )<br>GREG BOTT, )<br>　　　　　　　Defendants. ) | Case No.  07SC5840 |

### MOTION TO QUASH SUBPOENA

NOW COMES the Village of Plainfield, by and through its attorney, Joan Meyers, and

hereby moves this Honorable Court for entry of an Order in this matter quashing the subpoena

previously issued in this matter and directed to Plainfield Police Officer Jeffrey Kock ("Officer

Kock"). In support of this Motion, counsel states as follows:

　　　　1.　　　　Upon information and belief, Plaintiffs filed their Complaint in this matter on or

about July 6, 2007.  This matter is set for trial on October 25, 2007 at 1:30 p.m.

　　　　2.　　　　On or about September 14, 2007, Plaintiffs caused a Subpoena (the "Subpoena")

to be issued in this matter directed to Officer Kock commanding his appearance before this

Honorable Court on October 25, 2007, at 1:30 p.m., and also commanding production of the

following:

> Proof of employment with the Plainfield Park District.  Any and all evidence
> regarding charges filed against Mark & Pamela and Jacob Murphy on
> June 15, 2006 for riding [a] utility vehicle on Commonwealth Edison Property.

(A copy of the Subpoena is attached hereto as Exhibit "A").

　　　　3.　　　　Supreme Court Rule 237 states in relevant part as follows:

> Any witness shall respond to any lawful subpoena of which he or she
> has actual knowledge, if payment of the fee and mileage has been tendered.
> Service of a subpoena by mail may be proved *prima facia* by a return
> receipt showing delivery to the witness or his or her authorized agent
> by certified or registered mail . . . and an affidavit showing that the
> mailing was prepaid and was addressed to the witness, restricted delivery,
> with a check or money order for the fee and mileage enclosed"

*See*, Supreme Court Rule 237.

4.     The Subpoena was not personally served upon Officer Kock, nor was it served upon him or his authorized agent by proper mailing. Additionally, payment of the fee and mileage as required by Supreme Court Rule 237 was not included with the Subpoena, nor has it been subsequently tendered to the witness. Upon information and belief the Subpoena was either mailed or personally delivered to the Village of Plainfield Police Department on an unknown date.

5.     Even if the Subpoena was properly served, Officer Kock has no documents in his possession responsive to the Subpoena as he is neither an employee of the Plainfield Park District, nor does he possess documents evidencing charges filed against the Plaintiffs or Jacob Murphy as described in the Subpoena.

WHEREFORE, the Village of Plainfield moves this Honorable Court to quash the Subpoena, and for such other relief as this Court deems appropriate.

Respectfully submitted,

THE VILLAGE OF PLAINFIELD

By: _____
One of Its Attorneys

Joan Meyers (6207346)
Village of Plainfield
14300 South Coil Plus Drive
Plainfield, Illinois  60544

2

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL )

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

Mark E. + Pamela S. Murphy

VS                                          CASE NO: 07 SC 5840

Plainfield Park Dist./Greg Bott

**SUBPOENA**

TO: Officer Jeff Kock, % Plainfield Police Dept., 14300 S. Coil Plus Dr., Plainfield

**YOU ARE COMMANDED** to appear to testify before the Honorable Judge Egan    IL 60544

in Courtroom # 111    at Will County Court House 14 W Jefferson St. Joliet, Illinois,

(Insert name of building, address, city)

on October 25    , 20 07, at 1:30    (a.m.) (p.m.)

**YOU ARE COMMANDED ALSO** to bring the following: Proof of Employment with the Plainfield Park District, any and all evidence of charges filed against Mark + Pamela and Jacob Murphy on June 15, 2006, for Riding Utility Vehicle on Commonwealth Edison property.
in your possession or control.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

Witness: September 14, 20 07

Pamela J. McGuire

(Seal of Court)

**PAMELA J. McGUIRE**
Clerk of the Circuit Court

BY: _____
                                            (Deputy)

I served the subpoena by handing a copy to _____

on _____, 20___   I paid the witness $_____ for witness and mileage fees.

Signed and sworn to before me
_____, 20___

_____
        (Notary Public)

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

NAME: Pamela Murphy
ATTORNEY FOR: _____
ARDC#: _____
ADDRESS: 11141 Farmingdale Dr.
CITY: Plainfield, IL 60544
TELEPHONE: 815-436-1353

Court - Original        Receiving Party - Copy        **14A-1** (Revised 12-99) 2 Part Form

EXHIBIT "A"

STATE OF ILLINOIS)
)SS
COUNTY OF WILL )

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

Mark E. & Pamela S. Murphy

VS                                         CASE NO: 07 SC 5840

Plainfield Park Dist./Greg Bott

**SUBPOENA**

TO: Officer Jeff Kock, c/o Plainfield Police Dept. 14300 S. Coll Plus Dr. Plainfield, IL 60544

**YOU ARE COMMANDED** to appear to testify before the Honorable _____

in Courtroom _#111_ at _9 am_ _14 W. Jefferson St. Joliet_, Illinois,
(Insert name of building, address, city)

on _August 10th_, 20_07_, at _9 am_ (a.m.) (p.m.)

**YOU ARE COMMANDED ALSO** to bring the following: Proof of employment with the Plainfield Park District. Any and all evidence regarding charges filed against Mark, Pamela and Jacob Murphy for using utility vechicle on ~~the~~ Commonwealth Edison property on June of 2006 in your possession or control. On who's behalf were you acting.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

Witness _7-27_, 20_07_

(Seal of Court)                    _Pamela J McGuire_

**PAMELA J. McGUIRE**
Clerk of the Circuit Court

BY: _____
(Deputy)

I served the subpoena by handing a copy to_____

on _____, 20____   I paid the witness $_____ for witness and mileage fees.

Signed and sworn to before me

_____, 20____

_____
(Notary Public)

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

NAME: Mark & Pamela Murphy
ATTORNEY FOR: _____
ARDC#: _____
ADDRESS: 16141 Farmingdale Dr.
CITY: Plainfield, IL 60586
TELEPHONE: 815-436-1353

Court - Original          Receiving Party - Copy          **14A-1** (Revised 12-99)  2 Part Form