UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK E. MURPHY and<br>PAMELA S. MURPHY,<br><br>        Plaintiffs,<br>vs.<br><br>VILLAGE OF PLAINFIELD, a municipal<br>corporation, PLAINFIELD TOWNSHIP,<br>PLAINFIELD PARK DISTRICT, GREG<br>BOTT and JOAN MEYERS, individually,<br><br>        Defendants. | Case No. 08 cv 03293 |

### NOTICE OF MOTION

TO:    See attached service list.

**PLEASE TAKE NOTICE** that on the 24th day of July, 2008, at 9:30 a.m., or as soon thereafter as this Motion may be heard, we shall appear before the Northern District Court of the United States, before the Honorable Judge Lefkow in Room 1925 of the United States Courthouse, Eastern Division, 219 South Dearborn, Chicago, Illinois, and then and there present their Motion to Dismiss, a copy of which is attached hereto, at which time and place you may appear if you so desire.

                                                      VILLAGE OF PLAINFIELD and
                                                      JOAN MEYERS, Defendants,


                                                      BY: s/ Marie Mravle
                                                          MARIE MRAVLE

McKEOWN, FITZGERALD, ZOLLNER
BUCK, HUTCHISON & RUTTLE
2455 Glenwood Avenue
Joliet, IL 60435
(815) 729-4800
#6293436

## SERVICE LIST
### Murphy, et al. v. Village of Plainfield et al.

**Attorney for Plaintiffs**
Timothy Dwyer
LAW OFFICES OF TIMOTHY DWYER
240 W. River Dr.
St. Charles, IL 60174

**Plainfield Township**
22525 W. Lockport Rd.
Plainfield, IL 60544

**Attorney for Defendants, Greg Bott
and Plainfield Park District**
John W. Gilligan, III
Mark A. Huske
Stellato & Schwartz, Ltd.
One Tower Lane
Suite 1800
Oakbrook Terrace, IL 60181
(630) 571-2900
Facsimile (630) 571-1198
jgilligan@stellatoschwartz.com
mhuske@stellatoschwartz.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, a copy of the foregoing *Notice and, Motion to Dismiss* was filed electronically. Notice of this filing will be sent by U.S. mail to all parties listed on the service list above that will not receive it via the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

/s/ Marie Mravle
McKEOWN, FITZGERALD, ZOLLNER,
 BUCK, HUTCHISION & RUTTLE
2455 Glenwood Avenue
Joliet, IL 60435
(815) 729-4800
ARDC No. 6293436
marie@mckeownlawfirm.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK E. MURPHY and <br> PAMELA S. MURPHY, <br>                 Plaintiffs, <br> vs. <br> VILLAGE OF PLAINFIELD, a municipal corporation, PLAINFIELD TOWNSHIP, PLAINFIELD PARK DISTRICT, GREG BOTT and JOAN MEYERS, individually, <br>                 Defendants. | Case No. 08 cv 03293 |

**TABLE OF CONTENTS**

I.     **COUNT I – NEGLIGENT TRESPASS**

    A.  **THE VILLAGE OF PLAINFIELD IS ENTITLED TO ABSOLUTE IMMUNITY PURSUANT TO 745 ILCS 10/2-104.**

       745 ILCS 10/2-104..................................................................................... p. 1

       *O'Malley v. Village of Palos Park*, <br>        346 Ill.App.3d 567, 583, 805 N.E.2d 308, 321 (1st Dist. 2004)................. p. 2

    B.  **THE VILLAGE OF PLAINFIELD IS ENTITLED TO DISCRETIONARY IMMUNITY PURSUANT TO 745 ILCS 10/2-109 AND 2-201.**

       *Harinek v. 161 North Clark Street Ltd. Partnership*, <br>        181 Ill.2d 335, 340 (1998) ........................................................................ p. 2

       745 ILCS 10/2-201..................................................................................... p. 3

       745 ILCS 10/2-109..................................................................................... p. 3

       *In re Chicago Flood Litigation*, <br>        176 Ill.2d 179 (1997) ............................................................................... p. 3-4

II.    COUNT II – WILLFUL AND WANTON CONDUCT

   A. CHARACTERIZATION OF ACTS AS WILLFUL AND WANTON DOES NOT MAKE COUNT II OF THE COMPLAINT SUFFICIENT TO CHARGE WILLFUL NEGLECT.

*Chaney v. City of Chicago*,
1996 WL 718519, *1 (N.D. Ill. 1996) .................................................................. p. 6

*Lindsey v. Ed Johnson Oldsmobile, Inc.*,
1996 WL 411336, *2 (N.D.Ill.,1996) ................................................................... p. 6

*Jarvis v. Herrin City Park Dist.*,
6 Ill.App.3d 516, 524 (5th Dist. 1972) ............................................................. p. 7-9

745 ILCS 10/1-210 ......................................................................................... p. 7, 9

*Doe v. Calumet City*,
161 Ill.2d 374, 390 (1994) .................................................................................. p. 7

*Harkcom v. E. Texas Motor Freight Lines, Inc.*,
104 Ill.App.3d 780, 783 (3d Dist. 1982) ............................................................ p. 7

*Krub v. Walldren Express & Van Co.*,
214 Ill.App. 18, 24 (1919) .................................................................................. p. 7

*Ingram v. N.Y. Central R.R. Co.*,
30 Ill.App.2d 455, 459 (4th Dist. 1961) ............................................................. p. 8

   B. THE VILLAGE OF PLAINFIELD CANNOT BE HELD LIABLE FOR THE CONDUCT DESCRIBED IN PARAGRAPH 37(D) AND (E) PURSUANT TO 745 ILCS 10/2-201 and 2-109.

745 ILCS 10/2-201 ......................................................................................... p. 9-10

745 ILCS 10/1-202 ........................................................................................... p. 10

*In re Chicago Flood Litigation*,
176 Ill.2d 179 (1997) ........................................................................................ p. 10

*People v. Travis*, 94 Ill. App. 3d 983, 992 (1st Dist. 1981) ............................... p. 10

III.    COUNT III – INTENTIONAL TRESPASS

    A.    PLAINTIFFS HAVE NOT PROPERLY PLED A CAUSE OF ACTION FOR INTENTIONAL TRESPASS.

    *Freese v. Buoy*, 217 Ill.App.3d 234, 244 (5th Dist. 1991). .......................... p. 11

    B.    THE VILLAGE OF PLAINFIELD IS ENTITLED TO DISCRETIONARY IMMUNITY PURSUANT TO THE PLAIN LANGUAGE OF 745 ILCS 10/2-201.

    745 ILCS 10/2-201 ............................................................................. p. 12

    *In re Chicago Flood Litigation*,
    176 Ill.2d 179 (1997) ........................................................................ p. 12

    745 ILCS 10/2-109 ............................................................................. p. 12

IV. COUNT IV DOES NOT SET FORTH A CAUSE OF ACTION FOR WRONGFUL 'TAKING' UNDER THE ILLINOIS CONSTITUTION.

    *Pratt v. Rosenfield*,
    399 Ill. 247 (1948) ............................................................................ p. 14

    *Luperini v. County of DuPage*,
    265 Ill.App.3d 84, 89 (2nd Dist. 1994) ............................................. p. 14

    *Starcevich v. City of Farmington*,
    110 Ill.App.3d 1074 (3rd Dist. 1982) ............................................... p. 15

    *V.J. Scogin v. United States*,
    33 Fed.3L. 568, 578 (1995) .............................................................. p. 15

V. COUNT V DOES NOT SET FORTH A CAUSE OF ACTION UNDER THE UNITED STATES CONSTITUTION.

    *Loretto v. Teleprompter Manhattan CATV, Corp.*,
    458 U.S. 419, 428 (1982) ................................................................. p. 16

    *Sanguinetti v. United States*,
    264 U.S. 146, 149 (1924) ................................................................. p. 16

    *Diaz v. City of Riverside*,
    895 F.2d 1416 (9th Cir. 1990) .......................................................... p. 17

    *V.J. Scogin v. United States*,
    33 Fed.3L. 568, 578 (1995) .............................................................. p. 17

IV.     COUNT VI – MALICIOUS PROSECUTION

    A. PLAINTIFFS HAVE FAILED TO FILE THEIR MALICIOUS PROSECUTION CLAIM AGAINST JOAN MEYERS WITHIN THE ONE YEAR LIMITATIONS PERIOD PRESCRIBED BY §8-101(a) OF THE TORT IMMUNITY ACT

        745 ILCS 10/1-206 .................................................................................... p. 18

        745 ILCS 10/8-101(a) ............................................................................... p. 18

        *Mounce v. City of Lincoln*,
        64 Ill.App.3d 461, 463, (4th Dist. 1978) .................................................. p. 18

        *Ferguson v. City of Chicago*,
        213 Ill.2d 94, 99, 820 N.E.2d 455, 459 (Ill. 2004) .................................. p. 18

    B. BECAUSE JOAN MEYERS IS NOT LIABLE FOR PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS, THE VILLAGE OF PLAINFIELD HAS ABSOLUTE IMMUNITY PURSUANT TO §2-109 OF THE TORT IMMUNITY ACT

        745 ILCS 10/1-206 .................................................................................... p. 19

        745 ILCS 10/2-109 .................................................................................... p. 19

        *Flores v. Palmer Marketing, Inc.*,
        361 Ill.App.3d 172, 179, 836 N.E.2d 792, 797 (1st Dist. 2005) ............... p. 19

    C. IN THE ALTERNATIVE, PLAINTIFF HAS NOT SUFFICIENTLY PLED A CLAIM FOR MALICIOUS PROSECUTION AS AGAINST EITHER THE VILLAGE OF PLAINFIELD OR JOAN MEYERS

        *Chaney v. City of Chicago*,
        1996 WL 718519, *1 (N.D. Ill. 1996) ..................................................... p. 20

        *Lindsey v. Ed Johnson Oldsmobile, Inc.*,
        1996 WL 411336, *2 (N.D.Ill.,1996) ..................................................... p. 20

        *Swick v. Liautaud*,
        169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (1996) ............................... p. 20-2

        *People v. Woolsey*,
        139 Ill. 2d 157, 163, 564 N.E.2d 764, 766 (1990) .................................. p. 20

        *Washington v. Summerville*,
        127 F.3d 552, 558 (7th Cir. 1997) ........................................................... p. 20

*Howard v. Firmand*,
378 Ill.App.3d 147, 152 (1st Dist. 2007) .................................................................... p. 21

## V. COUNT VII AND VIII – SECTION 1983

### A. DEFENDANT JOAN MEYERS IS ENTITLED TO ABSOLUTE IMMUNITY FROM DAMAGES UNDER §1983 IN COUNTS VII AND VIII

*Imbler v. Pachtman*,
424 U.S. 409, 430 (U.S.1976) ................................................................................ p. 22-3

*Pearson v. Reed* case (6 Cal.App.2d 277, 287, 44 P.2d 592, 597 (1935)) ................ p. 22

*Smith v. Power*,
346 F.3d 740, 742 (7th Cir. 2003) ........................................................................... p. 23-4

*Pacelli v. DeVito*,
972 F.2d 871, 877 (7th Cir. 1992) ........................................................................... p. 25-6

*Monell v. Department of Social Services of the City of New York*,
436 US 658 (1978) .................................................................................................. p. 25

*Powe v. City of Chicago*,
664 F.2d 639 (7th Cir. 1981) ................................................................................... p. 25

### B. IN THE ALTERNATIVE, PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS VILLAGE OF PLAINFIELD AND JOAN MEYERS

42 U.S.C. §1983 ...................................................................................................... p. 26

*Baker v. McCollan*,
443 U.S. 137, 144 n. 3 (1979) ................................................................................. p. 26

*Summerville v. Washington*,
127 F.3d 552 ............................................................................................................ p. 27

*Albright v. Oliver*,
510 U.S. 266, 271 (1994) ......................................................................................... p. 27

*Penn v. Harris*,
296 F.3d 573, 576 (7th Cir. 2002) ........................................................................... p. 27

*Flores v. City of Palacios*,
381 F.3d 391, 403-04 (5th Cir. 2004) ...................................................................... p. 27

*Powe v. City of Chicago,*
664 F.2d 639 (7th Cir. 1981)............................................................................................... p. 28

*Monell v. Department of Social Services of the City of New York,*
436 US 658 (1978)............................................................................................................... p. 28