06193041          JWG:amr     7-16-08          WHITE          17716F-5-80-OB

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK E. MURPHY and PAMELA S. MURPHY,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | No. 08 CV 3293 |
| | ) | Judge Joan H. Lefkow |
| **VILLAGE OF PLAINFIELD,** a municipal corporation, **PLAINFIELD TOWNSHIP, PLAINFIELD PARK DISTRICT, GREG BOTT** and **JOAN MEYERS,** Individually, | ) ) ) ) ) | Magistrate Martin C. Ashman |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO DISMISS**

NOW COME defendants, PLAINFIELD PARK DISTRICT and GREG BOTT, by and through their attorneys, STELLATO & SCHWARTZ, LTD., and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Counts VI, VII and VIII of Plaintiffs' Amended Complaint with prejudice and finality. In support of same, defendants state as follows:

**I.     COUNT VI – MALICIOUS PROSECUTION**

    **A.     PLAINTIFFS FAILED TO TIMELY FILE THEIR MALICIOUS PROSECUTION CLAIM AGAINST THE PLAINFIELD PARK DISTRICT WITHIN THE ONE YEAR STATUTE OF LIMITATIONS PERIOD SET OUT IN THE TORT IMMUNITY ACT**

1.     This matter arises out of an incident which occurred on or around June 15, 2006, when allegedly plaintiffs, and/or their minor son, were operating a four-wheeled recreational/utility vehicle allegedly on property located behind the Murphy residence. Although plaintiffs do not specifically allege that citations were issued as the result of that incident (nor do they allege when

they were issued, or what crimes were charged, or by whom), they allege that they thereafter appeared in court and plead not guilty. (Plaintiffs' Amended Complaint, Count VI, par. 10).

2. Plaintiffs further allege that a bench trial date was set, and was continued to November 6, 2006 (Plaintiffs' Amended Complaint, Count VI, par. 22).

3. On November 6, 2006, all of the charges against plaintiffs were dismissed (Plaintiffs' Amended Complaint, Count VI, par. 24).

4. Illinois law provides that no civil action, except for causes of action arising out of patient care, may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. 745 ILCS 10/8-101(a) (West 2008).

5. The Plainfield Park District, is a "local public entity" as defined in the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/1-206 (West 2008).

6. A plaintiff's cause of action for malicious prosecution accrues when the underlying prosecution was terminated in plaintiff's favor. *Ferguson v. City of Chicago*, 213 Ill.2d 94, 99, 820 N.E.2d 455, 459 (Ill. 2004). Accordingly, the cause of action for malicious prosecution in this matter would have accrued on November 6, 2006.

7. A district court can dismiss a complaint under Rule 12(b)(6) if it reveals on its face that plaintiff failed to bring suit within the applicable statute of limitations. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). *See also, Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006)

8. Although plaintiffs initially filed their pro-se Small Claim Complaint against certain parties on October 25, 2007, a copy of which is attached as Exhibit A, they did not file their Amended Complaint, naming the Plainfield Park District, as a party defendant, until May 12, 2008,

more than six months after the one-year statute of limitations for malicious prosecution against the Plainfield Park District expired. The purported malicious prosecution claim is in Count VI of this untimely filed Amended Complaint.

9.  Because plaintiffs failed to file their cause of action against the Plainfield Park District within the one-year statute of limitations provided for in the Illinois Tort Immunity Act, plaintiffs' claim for malicious prosecution against defendant, Plainfield Park District, is time barred, thus Count VI should be dismissed with prejudice and with finality.

**B.  PLAINTIFFS FAIL TO PROPERLY PLEAD A CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER ILLINOIS LAW AGAINST EITHER DEFENDANT BOTT OR THE PLAINFIELD PARK DISTRICT**

10.  Regardless of the timeliness, Count VI fails to state a claim upon which relief can be had. Under Illinois law, to be successful on a claim for malicious prosecution, a plaintiff must plead and prove all of the following elements: (1) defendant initiated a criminal proceeding against plaintiff; (2) plaintiff received a favorable termination of that proceeding; (3) the absence of probable cause for such proceeding; (4) malice was present; and (5) damages suffered by plaintiff. *Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (Ill. 1996). Moreover, the absence of even one element bars plaintiff from bringing her or his claim. *Id.*

11.  Plaintiffs failed to properly plead several of the elements necessary for a claim of malicious prosecution. First, plaintiffs failed to support the first necessary element of malicious prosecution, that defendants Plainfield Park District and/or Greg Bott, initiated the criminal proceedings against them. Plaintiffs simply allege that at one point "a decision to prosecute will be made," (Plaintiffs' Amended Complaint, Count VI, par. 9). Plaintiffs further allege they appeared in court on August 4, 2006 ((Plaintiffs' Amended Complaint, Count VI, par. 10). Plaintiffs merely state

in a conclusory manner that "defendants Joan Meyers and Greg Bott conspired to charge Plaintiffs with a false ordinance violation" (Plaintiffs' Amended Complaint, Count VI, par. 27), and that said defendants "conspired to prosecute the Plaintiffs" (Plaintiffs' Amended Complaint, Count VI, par. 28), but do not provide any basis to support those conclusions. Plaintiffs fail to allege in their Amended Complaint the charges that were brought against them, the date of any such charges, or the complainant of such charges. Thus, plaintiffs failed to show that the defendants herein, the Plainfield Park District and/or Greg Bott, were the persons or entities who brought any charges against plaintiffs.

12.　　Plaintiffs also failed to show the second necessary element for malicious prosecution, that the plaintiffs received a favorable termination of the criminal claim brought against them. Illinois law provides that a malicious prosecution claim cannot be predicated on underlying criminal proceedings which were terminated in a manner ***not indicative of the innocence of the accused***. *Swick v. Liautaud*, 662 N.E.2d at 1242 (emphasis supplied). Plaintiffs simply allege in their Amended Complaint that "On November 6, 2006, Defendant Joan Meyers offered to drop the charges against the Plaintiffs if their son, Jacob Murphy, would plead guilty." (Plaintiffs' Amended Complaint, Count VI, par. 23). They further allege that "Plaintiffs refused this offer and Defendant Joan Meyers then dismissed all of the charges." (Plaintiffs' Amended Complaint, Count VI, par. 24). Those allegations do not specify the nature of the dismissal, or whether the charges could be re-filed by the prosecution. In fact, the facts provided by plaintiffs seem to suggest that there would be grounds to re-file against plaintiffs as the prosecution believed it had sufficient facts to ask the plaintiff's minor son to plead guilty to the charges. Thus, as plead, plaintiffs failed to support the second necessary element that the criminal proceedings were dismissed in favor of plaintiffs.

13. Plaintiffs also do not provide sufficient basis for a finding of malice on the part of defendants herein. Plaintiffs merely make conclusory statements regarding defendants herein such as defendants "conspired to charge Plaintiffs with false ordinance violation....in order to harass and intimidate the Plaintiffs," and that defendants "participated in a false prosecution in order to harass and intimidate the Plaintiffs." (Plaintiffs' Amended Complaint, Count VI, pars. 27, 32). However, plaintiffs do not present any support for those conclusions.

14. Finally, plaintiffs do not present sufficient factual support for their damage claim, the final necessary element for a claim of malicious prosecution. Illinois law provides that a plaintiff must show that he or she suffered a "special injury" as the result of the malicious prosecution. *Howard v. Firmand*, 378 Ill.App.3d 147, 152, 880 N.E.2d 1139, 1144 (1st Dist. 2007). A special injury is a "special damage beyond the usual expense, time or annoyance in defending a lawsuit." *Id.* An example of special damage has been defined as "an arrest or seizure of property or some constructive taking or interference with the person or property." *Id.* In their Amended Complaint, Plaintiffs merely allege they "were forced to defend against a frivolous claim, lost time from work and suffered from emotional distress" (Plaintiffs' Amended Complaint, Count VI, par. 39). Such facts do not suggest that plaintiffs suffered anything other than minor annoyance from the alleged malicious prosecution. As plaintiffs failed to show they suffered the type of "special injury" compensable for a claim of malicious prosecution, they failed to properly plead the final element for their claim of malicious prosecution, even given the notice pleading standard.

15. As plaintiffs fail to properly plead the necessary elements for a cause of action in malicious prosecution, Count VI of Plaintiffs Amended Complaint as against defendants Plainfield

Park District and Greg Bott, should be dismissed with prejudice for failure to state a claim upon which relief can be granted, and with finality.

## II. COUNT VII -- SECTION 1983

### A. PLAINTIFFS FAIL TO STATE A VALID CAUSE OF ACTION FOR FEDERAL MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

16. As plaintiffs incorporated the paragraphs of Count VI of plaintiffs' Amended Complaint, purporting to allege malicious prosecution as against defendants herein, into their claim under 42 U.S.C. §1983, it seems they may be attempting to present a claim for malicious prosecution under Section 1983. If so, that claim must fail as well for those reasons stated above in section I.B. of defendants' Motion to Dismiss.

17. To prevail in a claim for malicious prosecution under Section 1983, the plaintiff must demonstrate that he satisfied the requirements necessary to prevail in a state law cause of action for malicious prosecution, that malicious prosecution was committed by state actors, and that he was deprived of his liberty. *Summerville v. Washington*, 127 F.3d 552, 558-9 (7th Cir. 1997). The arguments contained in section I.B. above are incorporated herein in response to plaintiffs' purported claim for federal malicious prosecution under 42 U.S.C. §1983.

18. Moreover, when a party fails to satisfy the requirements for malicious prosecution under Illinois law, the "federal claim must fail as well, since it has not met the first element of a federal malicious prosecution claim." *Id.* at 559. As such, as plaintiffs failed to support their claim for malicious prosecution under Illinois law, it must also fail under federal law. Finally, plaintiffs do not present any support for the necessary element of a federal malicious prosecution claim that

they were deprived of their liberty. Thus, any potential claim for malicious prosecution under Section 1983 should be dismissed with prejudice and finality.

      **B.    PLAINTIFFS FAIL TO STATE A VALID CAUSE OF ACTION UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS PLAINFIELD PARK DISTRICT AND GREG BOTT**

      19.    Count VII of plaintiffs' Amended Complaint purports to allege that defendants Plainfield Park District and Greg Bott deprived plaintiffs of their "inalienable right to be free from governmental harassment and intimidation," and in doing so have caused plaintiffs substantial monetary and psychological damages (Plaintiffs' Amended Complaint, Count VII, par. 42). To properly show a claim under Section 1983 against a governmental entity, a plaintiff must show (1) that he or she has suffered deprivation of a constitutionally-protected interest; and (2) that the deprivation was caused by an official policy, custom, or usage of the governmental entity. *Powe v. City of Chicago*, 664 F.2d 639 (7th Cir., 1981).

      20.    Plaintiffs fail to identify those constitutional rights they claim were violated. Instead, plaintiffs merely incorporate their allegations from Count VI, which purport to allege a malicious prosecution claim under Illinois law, into their claim for relief under Section 1983, and do not expound or elaborate on which specific constitutional rights they claim defendants violated. The allegations contained within Count VI make no mention of any specific constitutional rights, other than the statement that defendants violated plaintiffs' "inalienable right to be free from governmental harassment and intimidation." Plaintiffs further fail to establish the above as a right secured by the Constitution and the laws of the United States. Accordingly, plaintiffs fail to properly allege a claim for relief under 42 U.S.C. §1983.

21.    Furthermore, plaintiffs fail to provide proper notice of the official custom, policy or usage of the governmental entity which purportedly caused such deprivation. The Seventh Circuit holds that unconstitutional policy or custom, such as would support municipal liability under §1983, can take three forms: (1) an express policy that, when enforced, causes constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Rasche v. Village of Beecher*, 336 F.3d 588, 597 (7th Cir. 2003).

22.    As stated above, in presenting their claim for relief under Section 1983, plaintiffs simply incorporate their allegations used to support their state law claim of malicious prosecution. Those allegations in fact do not mention any express policy of defendant Plainfield Park District, any widespread practice of defendant Plainfield Park District, or any specific allegation that the alleged constitutional injury was caused by a person from the Plainfield Park District with final policy-making authority. Plaintiffs simply summarily state that all defendants had final policy-making power over whether plaintiffs would be prosecuted, but fail to provide any facts to support that. Plaintiffs fail to allege where that policy-making authority comes from, what the roles of each of the individual and municipal defendants are with respect to policy decisions, and who, if any, of the defendants possess such authority. Such conclusory statements are insufficient to support plaintiffs' cause of action under §1983, and thus Count VII as against the Plainfield Park District and Greg Bott must be dismissed with prejudice and finality.

### III.    COUNT VIII -- *MONELL*

#### A.    PLAINTIFFS FAIL TO STATE A VALID CAUSE OF ACTION UNDER 42 U.S.C. 1983 AND *MONELL* AGAINST DEFENDANTS PLAINFIELD PARK DISTRICT OR GREG BOTT

23.    Plaintiffs finally attempt to argue that the defendants, Plainfield Park District and Greg Bott, are both liable for the alleged constitutional violation under both 42 U.S.C. §1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), as the Plainfield Park District allowed a certain official custom, policy, or usage of the governmental entity to purportedly cause the alleged deprivation of plaintiffs constitutional rights.  The Supreme Court ruled in *Monell* that while an municipality may not be sued under §1983 in *respondeat superior* for an injury inflicted solely by its employee or agent, it may be liable for such a violation when it is the result of a municipal policy or custom.  *Id*. at 694.

24.    However, for those same reasons argued above in Section II.B., plaintiffs fail to present any basis for such a finding.  Plaintiffs fail to identify any express policy of defendant Plainfield Park District, any widespread practice of defendant Plainfield Park District, or any specific allegation that the alleged constitutional injury was caused by a person from the Plainfield Park District with final policy-making authority. Plaintiffs simply allege that "Defendants, Meyer and Bott, had final policy making authority as to ***Defendant, Village of Plainfield***, in prosecution of the alleged ordinance violation." (Plaintiffs' Amended Complaint, par. 48) (emphasis supplied). Plaintiffs do not, however, allege that defendant Greg Bott had final policy-making authority as to the Plainfield Park District.

25.    Furthermore, as noted in Section II.B. above, plaintiffs fail to allege where that policy-making authority comes from, what the roles of each of the individual and municipal defendants had with respect to policy decisions, and who, if any, of the defendants possessed such authority.  In fact, plaintiffs fail to allege that any employee and/or agent of the Plainfield Park District had any policy-making authority over whether plaintiffs would be prosecuted.  Instead, the conclusory statements contained within plaintiffs' Amended Complaint do not provide a sufficient basis for a cause of action under §1983 and *Monell*, and thus Count VIII of plaintiffs' Amended Complaint as against the Plainfield Park District must be dismissed with prejudice and finality.

26.    In addition, as *Monell* holds that municipal entities were "persons" for purposes of §1983 violations, it is axiomatic that *Monell* cannot be a basis for an additional §1983 claim against an individual, Greg Bott.  *See,* 436 U.S. 658, 690 (1978).  Thus, Count VIII as against Greg Bott should be dismissed with prejudice and finality.

WHEREFORE defendants, Plainfield Park District and Greg Bott, pray for entry of an order dismissing Counts VI, VII and VIII as against said defendants with prejudice and finality, and for any other relief this Court deems just and appropriate.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.

By: /s/ John W. Gilligan, III
John W. Gilligan, III
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendants Plainfield Park District
and Greg Bott
One Tower Lane, Suite 1800
Oakbrook Terrace, Illinois 60181
(630) 571-2900
(630) 571-1198 (fax)
jgilligan@stellatoschwartz.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 23, 2008, 2008, he electronically filed with the Clerk of the Court of the U.S. District Court, Northern District of Illinois, Eastern Division, Defendants' Motion to Dismiss using the CM/ECF system, which will send notice of such filing to all counsel so registered.

STELLATO & SCHWARTZ, LTD.

By: /s/ John W. Gilligan, III
John W. Gilligan, III
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendants Plainfield Park District
and Greg Bott
One Tower Lane, Suite 1800
Oakbrook Terrace, Illinois 60181
(630) 571-2900
(630) 571-1198 (fax)
jgilligan@stellatoschwartz.com

STATE OF ILLINOIS)
)SS
COUNTY OF WILL )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

Case No. 07SC8874

FILED 07 OCT 25 PM 2:29 CLERK CIRCUIT COURT WILL COUNTY, ILLINOIS

Plaintiff: Mark Murphy
Pamela Murphy

VS

Defendant: Village of Plainfield
Jeff Kock (Police Dept.)
Greg Bott (Park Dist.)

## SMALL CLAIM COMPLAINT

I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of $ 2420.00 + Court Fees for False Charges on June 15th 2006 for "operation of Motorized Vehicle on Private Property located within the Village of Plainfield, without the Consent of the owner of said Property."

and that plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has been paid; that the defendant resides at "Village of Plainfield" (Police Dept) 14300 S. Coil Plus Dr. (Park D.st) 25484 W. Ottawa St.
phone number (Police Dept) 815 436 6544  (Park Dist) 815 436-8812  that the plaintiff resides at _____
phone number _____

in the State of Illinois.

Signature of Plaintiff
16141 Farmingdale
Address
Plainfield IL
City
815-436-1353
Telephone Number

19A (Revised 05-2001) 3 part form

TOTAL P.02