06193041          JWG:amr          8-18-08          BLUE          17716F-5-80-OB

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK E. MURPHY and PAMELA S. MURPHY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 08 CV 3293 Judge Joan H. Lefkow |
| VILLAGE OF PLAINFIELD, a municipal corporation, PLAINFIELD TOWNSHIP, PLAINFIELD PARK DISTRICT, GREG BOTT and JOAN MEYERS, Individually, | ) ) ) ) ) | Magistrate Martin C. Ashman |
| Defendants. | ) | |

## ANSWER

NOW COMES defendant, PLAINFIELD PARK DISTRICT, by its attorneys, STELLATO & SCHWARTZ, LTD., and, answering plaintiffs' Amended Complaint, states the following:

### COUNT I
### Negligent Trespass

As the allegations in Count I are not directed against this defendant, this defendant makes no answer thereto. To the extent that any of the allegations in Count I state, suggest or imply any negligence or wrongdoing on the part of this defendant, those allegations are herein specifically denied.

### COUNT II
### Willful and Wanton Conduct

As the allegations in Count II are not directed against this defendant, this defendant makes no answer thereto. To the extent that any of the allegations in Count II state, suggest or imply any negligence or wrongdoing on the part of this defendant, those allegations are herein specifically

denied.

## COUNT III
### Intentional Trespass

As the allegations in Count III are not directed against this defendant, this defendant makes no answer thereto. To the extent that any of the allegations in Count III state, suggest or imply any negligence or wrongdoing on the part of this defendant, those allegations are herein specifically denied.

## COUNT IV
### Violation of Article 1, Section 15 of the
### Constitution of the State of Illinois

As the allegations in Count IV are not directed against this defendant, this defendant makes no answer thereto. To the extent that any of the allegations in Count IV state, suggest or imply any negligence or wrongdoing on the part of this defendant, those allegations are herein specifically denied.

## COUNT V
### Violation of the Fifth and Fourteenth Amendments
### to the Constitution of the United States of America

As the allegations in Count V are not directed against this defendant, this defendant makes no answer thereto. To the extent that any of the allegations in Count V state, suggest or imply any negligence or wrongdoing on the part of this defendant, those allegations are herein specifically denied.

## COUNT VI
### Malicious Prosecution

As the allegations in Count VI are subject to a pending Motion to Dismiss, defendant, PLAINFIELD PARK DISTRICT, makes no answer to the allegations contained within Count VI.

## COUNT VII
## Section 1983

1. The Village of Plainfield is a municipal corporation formed under the Illinois Municipal Code, and the Plainfield Park District is a special district formed under the authority of the Illinois legislature.

Answer

Defendant admits that the PLAINFIELD PARK DISTRICT is a special district formed under the authority of the Illinois legislature. Defendant lacks sufficient information as to the truth of the remaining allegations contained within paragraph 1, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

2. The plaintiffs are residents of unincorporated Plainfield Township.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 2, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

3. For purposes of municipal ordinance enforcement, the Village of Plainfield and the Plainfield Park District have no jurisdiction over property outside of their respective corporate boundaries.

Answer

As the allegations in paragraph 3 call for factual and/or legal conclusions, said allegations are denied.

4. On June 15, 2006, Plaintiffs were operating a utility vehicle near their property, in unincorporated Plainfield Township.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 4, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

5. On June 15, 2006, Plaintiffs, and their son, Jacob Murphy, were approached by Officer Koch of the Village of Plainfield.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 5, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

6. On June 16, 2006, Officer Koch discussed the situation with the Plaintiffs, where Officer Koch acknowledged the flooding problem, but stated that utility vehicles were not permitted upon Park District property.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 6, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

7. At no time were the Plaintiffs operating the off-road vehicle upon Park District property, and Plaintiffs told Officer Koch the same.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 7, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

8. Officer Koch state that he would have to talk to his supervisors and would inform the Plaintiffs of the decision on June 16, 2006.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 8, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

9. On June 16, 2006, Officer Koch saw the Plaintiffs at a baseball game and informed Plaintiffs that Koch thought "a decision to prosecute will be made."

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 9, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

10. Plaintiffs appeared in Court on August 4, 2006, and plead not guilty to the charges.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 10, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

11. Plaintiffs contacted Com Ed representative Craig Dixon, and Mr. Dixon contacted Joan Meyers, the prosecuting attorney for the Village.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 11, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

12. Defendant Joan Meyers told Craig Dixon that the Plainfield Park District had exclusive jurisdiction over the property behind the Murphy residence, and Mr. Dixon informed Defendant Meyers that this information was incorrect in that Com Ed owned the property and did not sign or otherwise authorize the complaint.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 12, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

13. Defendant Meyers denied any knowledge of flooding on the Murphy property and told Mr. Dixon that she would not consider dropping the charges.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 13, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

14. In August of 2006, Mr. Dixon delivered a copy fo the lease agreement between Com Ed and the Park District to Defendant Joan Meyers, pointing out that Com Ed owned the property.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 14, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

15. On September 1, 2006, a bench trial commenced, but was continued for further evidentiary matters.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 15, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

16. On September 1, 2006, Greg Bott, an employee of the Plainfield Park District testified that he was unaware of any flooding on or near the Murphy property.

Answer

The allegations in paragraph 16 are denied.

17.     In 2005, however, Mr. Bott had addressed this flooding issue of the Park District easement with representatives of Will County. Defendant Bott's comments are public record and directly contravene his statements in court on September 1, 2006. the easement is very close to or directly adjacent to the Murphy property.

Answer

Defendant admits that sometime in 2005, defendant GREG BOTT, discussed a flooding issue with a certain representatives of Will County. The remaining allegations in paragraph 17 are denied.

18.     On October 6, 2006, the case was set for trial.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 18, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

19.     On October 6, 2006, a substitute Judge was present, and no trials were occurring. As such, Defendant Joan Meyers released all of her witness (sic) early on in the proceedings, but let the Murphys stay until 4:30 p.m.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 19, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

20.     Being the last people in the courtroom, the Judge asked what the Plaintiffs were here for, to which they responded "trial." The Judge then advised the Murphys that no trials were to occur that day.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within

paragraph 20, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

21. Defendant Joan Meyers stated that she did not know that information and the Judge then apologized to the Plaintiffs.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 21, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

22. Trial was rescheduled to November 6, 2006.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 22 and therefore neither admits nor denies the same, but strict proof thereof is demanded.

23. On November 6, 2006, Defendant Joan Meyers offered to drop the charges against the Plaintiffs if their son, Jacob Murphy, would plead guilty.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 23, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

24. Plaintiffs refused this offer and Defendant Joan Meyers then dismissed all of the charges.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 24, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

25. Defendant Joan Meyers is the Village attorney for the Village of Plainfield.

Answer

Upon information and belief, the allegations in paragraph 25 are admitted.

26. Prior to this ultra vires ordinance prosecution, the Plaintiffs had appeared at numerous meetings before the Village of Plainfield, and Defendant Joan Meyers knew the Plaintiffs and knew their property was often flooded.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 26, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

27. Upon information and belief, Defendants, Joan Meyers and Greg Bott conspired to charge Plaintiffs with a false ordinance violation for which the Village and the Park District had no jurisdiction in order to harass and intimidate the Plaintiffs.

Answer

The allegations in paragraph 27 are denied.

28. Under color of state law, Defendants Joan Meyers and Greg Bott conspired to prosecute the Plaintiffs when in fact both Meyers and Bott knew that the village was without the power and authority to do so.

Answer

The allegations in paragraph 28 are denied.

29. When Plaintiffs brought neighbors and Mr. Dixon from com Ed to court o November 6, 2006, Defendant Meyers dismissed the charges, although she tried once last attempt to intimidate Mr. Murphy before doing so.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 29, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

30. Defendant Joan Meyers was aware that the neighbors were going to testify that they commonly operated utility vehicles upon the same property which was the subject of the Murphy prosecution, but those neighbors had never been prosecuted.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 30, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

31. Defendant, Joan Meyers, was aware that Mr. Dixon from Cm Ed was going to testify that Com Ed owned the property, and it was not within the jurisdiction of the Village of Plainfield or the Plainfield Park District to prosecute any alleged violations purportedly undertaken by the Plaintiffs.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 31, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

32. The Village of Plainfield, the Plainfield Park District, Greg Bott and Joan Meyers participated in a false prosecution in order to harass and intimidate the Plaintiffs.

Answer

The allegations in paragraph 32 are denied.

33. The Defendants, Village of Plainfield, the Plainfield Park District, Joan Meyers and Greg Bott knew when they charged the Plaintiffs that they did not have jurisdiction to do so.

Answer

The allegations in paragraph 33 are denied.

34.     In the alternative, Defendants, Bott and Meyers, were informed of this fact by representative Dixon of Com Ed and still refused to dismiss the charges.

Answer

The allegations in paragraph 34 are denied.

35.     Upon information and belief, Defendant Meyers informed the court that no complaining witness was present, when in fact such representation was not true. Defendant Meyers told the complaining witness to leave the courtroom, knowing full well that the charges were meritless.

Answer

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 35, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

36.     All fo the Defendants charged and continued to prosecute the Plaintiffs in bad faith and in contravention of Plaintiffs' civil rights.

Answer

The allegations in paragraph 36 are denied.

37.     During the pendency of the five (5) month prosecution, all of the Defendants knew that they did not have jurisdiction to pursue the alleged ordinance violation.

Answer

The allegations in paragraph 37 are denied.

38.     At all times relevant hereto, Defendants were acting in their official capacities under color of state law.

Answer

As the allegations in paragraph call for factual and/or legal conclusions, said allegations are denied.

39.     As a direct and proximate result of Defendants' knowing and willful actions, Plaintiffs have suffered damages in that Plaintiffs were forced to defend against a frivolous claim, lost time from work, and suffered from emotional distress.

Answer

The allegations in paragraph 39 are denied.

40.     42 U.S.C Section 1983 provides:

> 'Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the *deprivation* of any rights, privileges, or immunities secured by the constitution and laws, shall be liable o the party injured in an action of law suit in equity or other proper proceeding for redress.' (Emphasis added.)

Answer

Defendant admits the existence of the statute cited in paragraph 40, but denies it is relevant or applicable to the matter herein.

41.     The Defendants' actions in the case have been under color of state law.

Answer

As the allegations in paragraph 41 call for factual and/or legal conclusions, said allegations

are denied.

42. The Defendants' aforementioned actions have deprived Plaintiffs of their inalienable right to be free from governmental harassment and intimidation, and have caused Plaintiffs' substantial monetary and psychological damages.

Answer

The allegations in paragraph 42 are denied.

43. The Defendants actions have been knowingly illegal and Defendants have been unable to cite any legal provision in support of their arbitrary actions.

Answer

The allegations in paragraph 43 are denied.

**AFFIRMATIVE DEFENSE**

A. Further answering in the alternative to any of the answers or denials previously stated herein, defendant, PLAINFIELD PARK DISTRICT, states that plaintiffs seek recovery in Count VII of their Amended Complaint for violation of 42 U.S.C. §1983.

B. Plaintiffs have failed to state sufficient facts upon which a claim for relief can be based.

C. As such, Count VII of plaintiffs' Amended Complaint should be dismissed as against this defendant under Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE defendant, PLAINFIELD PARK DISTRICT, denies plaintiff, MARK E. MURPHY and PAMELA S. MURPHY, are entitled to judgment against it in any sum whatsoever and asks that judgment be entered in its favor and against plaintiffs. Further, defendant requests Count VII of plaintiffs' Amended Complaint be dismissed for failure to state a claim upon which

relief may be granted. Defendant demands a trial by jury.

## COUNT VIII
### Monell

1-43.    Plaintiffs adopt and reallege paragraphs 1-43 of Count VII as paragraphs 1-43 of this Count VIII as if fully set forth herein.

Answer

Defendant restates and reallege its answers and denials to paragraphs 1 through 43 of Count VII as its answers and denials to paragraphs 1 through 43 of Count VIII as though fully set forth herein.

44.    The actions of the Defendants as articulated herein are inherently unreasonable and serve no legitimate governmental interest.

Answer

The allegations in paragraph 44 are denied.

45.    The prosecution of the Plaintiffs by the Defendants have no basis in fact, law or policy.

Answer

The allegations in paragraph 45 are denied.

46.    The Defendants have repeatedly abused the powers granted to them in order to illegally intimidate the Plaintiffs.

Answer

The allegations in paragraph 46 are denied.

47.     The Defendants' actions, subjecting the Plaintiffs to a knowingly false charge remains an illegal abuse of power.

<u>Answer</u>

The allegations in paragraph 47 are denied.

48.     At all relevant times herein, the named Defendants had final policy making power over whether Plaintiffs would be prosecuted.

<u>Answer</u>

The allegations in paragraph 48 are denied.

49.     Defendants Meyer and Bott repeatedly ignored the fact that Com Ed owned the property and that the Village and the Park District were without jurisdiction to prosecute the Plaintiffs.

<u>Answer</u>

The allegations in paragraph 49 are denied.

50.     All at times relevant herein, Defendants, Meyer and Bott, had final policy making authority as to Defendant, Village of Plainfield, in prosecution of the alleged ordinance violation.

<u>Answer</u>

The allegations in paragraph 50 are denied.

51.     Property owners next to the Plaintiffs' residence engaged in the same behavior without any penalty from the Defendants.

<u>Answer</u>

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 51, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

52.     The Village and its agents knew the charges were false.

<u>Answer</u>

Defendant lacks sufficient information as to the truth of the allegations contained within paragraph 52, and therefore neither admits nor denies the same, but strict proof thereof is demanded.

53.     As a result of the Defendants' actions, the Plaintiffs have incurred substantial monetary and psychological damages.

<u>Answer</u>

The allegations in paragraph 53 are denied.

### **AFFIRMATIVE DEFENSE**

A.     Further answering in the alternative to any of the answers or denials previously stated herein, defendant, PLAINFIELD PARK DISTRICT, states that plaintiffs seek recovery in Count VIII of their Amended Complaint for violation of 42 U.S.C. §1983 and under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978)..

B.     Plaintiffs have failed to state sufficient facts upon which a claim for relief can be based.

C.     As such, Count VIII of plaintiffs' Amended Complaint should be dismissed as against this defendant under Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE defendant, PLAINFIELD PARK DISTRICT, denies plaintiff, MARK E. MURPHY and PAMELA S. MURPHY, are entitled to judgment against it in any sum whatsoever and asks that judgment be entered in its favor and against plaintiffs. Further, defendant requests Count VIII of plaintiffs' Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. Defendant demands a trial by jury.

STELLATO & SCHWARTZ, LTD.

By:   /s/ John W. Gilligan, III
 John W. Gilligan, III
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant Plainfield Park District
One Tower Lane, Suite 1800
Oakbrook Terrace, Illinois 60181
(630) 571-2900
(630) 571-1198 (Fax)
jgilligan@stellatoschwartz.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **August 20, 2008,** he electronically filed with the Clerk of the Court of the U.S. District Court, Northern District of Illinois, Eastern Division, defendant PLAINFIELD PARK DISTRICT's Answer to Amended Complaint, using the CM/ECF system, which will send notice of such filing to all counsel so registered.

STELLATO & SCHWARTZ, LTD.


By:   /s/ John W. Gilligan, III
 John W. Gilligan, III
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant Plainfield Park District
One Tower Lane, Suite 1800
Oakbrook Terrace, Illinois 60181
(630) 571-2900
(630) 571-1198 (Fax)
jgilligan@stellatoschwartz.com